UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO REVOKE DETENTION ORDER"**

    This matter is before the Court on Defendant's "Motion to Revoke Detention Order." (Doc. 27). On May 27, 2020, United States Magistrate Judge Elizabeth A. Jenkins held a detention hearing and preliminary examination and concluded that detention is warranted. (Docs. 13; 30). Subsequently, on June 2, 2020, Judge Jenkins entered an order of detention pending trial, finding that detention is warranted because there are no conditions of release – financial or otherwise – that would reasonably assure Defendant's future appearance in court and the safety of the community. (Doc. 17). Defendant moved for reconsideration of the detention order. (Docs. 19; 22). Judge Jenkins denied the motion for reconsideration. (Doc. 23).

    Defendant now moves to revoke the detention order, arguing that the magistrate judge erred in finding that a statutory presumption arises because there is not probable cause that Defendant committed the offense of attempting to provide material support to a foreign terrorist organization. (Doc. 27). However, Defendant argues that even if a presumption did arise, the evidence against him is so weak that the presumption is easily rebutted, and that Defendant's history and circumstances

further rebut any presumption. Finally, Defendant argues that the Government failed to show that no combination of conditions would reasonably assure Defendant's appearance and the safety of the community.

The Government filed a response in opposition on June 18, 2020. (Doc. 32). The Government contends that there is sufficient probable cause in this case, and that the magistrate judge properly detained Defendant because he presents a serious risk of flight and a danger to the community.

## Background

Defendant Muhammed Momtaz Al-Azhari has been charged with attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. According to the allegations of the complaint, Defendant – a 23-year old American citizen – acquired weapons and other equipment (including a military-style bullet-proof vest, laser pointer, GPS tracking device, camera drone, backpack with charging cable, and face mask, as well as car fuel trap solvent filter which can be used to make silencers) for the purpose of carrying out attacks on individuals in this community in support of the foreign terrorist organization known as the Islamic State of Iraq and al-Sham ("ISIS"). In his interactions with an FBI confidential source, Defendant expressed his hatred of the United States, his support of ISIS, and his admiration for Omar Mateen, the individual who carried out the Pulse nightclub shootings in Orlando, Florida in 2018. He consumed ISIS propaganda and made statements including "I want to join ISIS" and "I am ISIS" on several different occasions.

Defendant was observed by law enforcement driving to various sites, including

the Pulse nightclub in Orlando, the FBI field office in Tampa, and Honeymoon Island in Pinellas County.  According to the FBI agent affidavit supporting the complaint and testimony at the detention hearing, Defendant's visits to these sites, acquisition of weapons, and other conduct, along with his statements, are consistent with an extremist ideology that encourages "lone-wolf terrorist attacks against individuals in the United States."

## Legal Standard

"A district court's review of a magistrate judge's detention order is *de novo*." *United States v. Hollingberry*, No. 20-03058MJ-001-PHX-MTM, 2020 WL 2771773, at *1 (D. Ariz. May 28, 2020) (citing *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)).  The district court must examine the evidence that was before the magistrate judge to make its own independent determination, with no deference.  *Id.*

When deciding whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community, the Court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

*See* 18 U.S.C. § 3142(g); *United States v. English*, No. 1:15-CR-00017-GNS, 2015 WL 9307326, at *1 (W.D. Ky. Dec. 21, 2015). If, following a hearing, a court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court must order the detention of the person before trial. 18 U.S.C. § 3142(e)(1). This finding must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A rebuttable presumption arises that no condition or combination of conditions will reasonably assure future appearances of the person and the safety of the community if the court finds that there is probable cause to believe that the person committed an offense listed in § 2332b(g)(5)(B), for which a maximum term of imprisonment of ten or more years is prescribed. *See* 18 U.S.C. § 3142(e)(3)(c).

## Analysis

After an independent and *de novo* review of the record – including the transcript of the May 27, 2020, hearing, the complaint, the pretrial services report, and the parties' filings – the undersigned finds that due to the nature of the charge against

Defendant, a rebuttable presumption exists in favor of detention. Even if the presumption did not arise, the Court finds that Defendant presents a high risk of flight and a serious danger to the community should he be released pending trial. Each of the § 3142(g) factors weighs in favor of detention.

*The Nature and Circumstances of the Offense Charged* -- The offense of attempting to provide material support or resources to a designated foreign terrorist organization, a violation of 28 U.S.C. § 2339B, is a serious offense that carries a maximum penalty of up to twenty years in prison upon conviction. Because of the nature of the charge, there is a statutory presumption that no conditions of release will reasonably assure Defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(c) (subject to rebuttal, presumption arises that no condition or combination of conditions will reasonably assure future appearances of the person and the safety of the community if court finds that there is probable cause to believe that the person committed an offense listed in § 2332b(g)(5)(B), for which a maximum term of imprisonment of ten or more years is prescribed); 18 U.S.C. § 2332(g)(5)(B) (federal crime of terrorism includes an offense that is a violation of § 2339B, relating to providing material support to terrorist organizations). Here, the Court finds that there is sufficient probable cause to support the charge against Defendant.[1] *See United States v. Augustin*, 661 F.3d 1105, 1119 (11th Cir. 2011).

---

[1] Judge Jenkins carefully considered this issue and invited the parties to provide supplemental briefing as to whether there was sufficient probable cause to believe that Defendant was attempting to provide material support or resources (personnel) to a designated foreign terrorist organization. After reviewing the supplemental briefing (Docs. 15; 19), Judge Jenkins reaffirmed her finding that there was sufficient probable cause. The Court has thoroughly reviewed the supplemental authorities and finds that probable cause exists. The Government does not need to prove that Defendant is under the direction or control of a foreign terrorist organization, only that he attempted to provide one or more individuals to work under the direction or control of the terrorist organization. *See United States v. Jones*, 383 F. Supp. 3d 810, 816 (N.D. Ill. 2019).

Defendant has not produced sufficient evidence to rebut this presumption. But even if a statutory presumption did not exist, this factor would still weigh heavily in favor of detention due to the nature of the charge and supporting factual allegations.

*The Weight of the Evidence* -- Here the Government has provided strong evidence of Defendant's guilt. According to FBI Agent Hazel's sworn testimony, the Government's case is supported by law enforcement surveillance, videos of Defendant, internet search histories, and information from confidential informants. But perhaps most importantly, the Government has offered Defendant's own words against him including, but not limited to, statements that he hates the United States; he wanted to kill at least fifty people; he admired the Pulse nightclub attacker, and "I want to join ISIS" and "I am ISIS."

*History and Characteristics of the Person* -- The Court must take into account the Defendant's history and characteristics, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and . . . whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(A), (B).

Defendant has self-reported a history of mental health issues, which was corroborated by a family member. He does not appear to have a history of substance abuse. However, his mental health history weighs in favor of detention because it demonstrates both a risk of flight and an extreme risk of danger to the community.

Although Defendant has familial ties to the Tampa community, *Defendant has lived in Syria, Dubai, and Saudi Arabia for most of his life.*  He was born in California in 1997, but he lived with his family in Syria, Dubai, and Saudi Arabia between 2001 and 2018.  He has only resided in Tampa since October 2019, after relocating from California.  Defendant's lack of significant ties to this community and his ties to foreign countries present a risk of flight and weigh in favor of detention.

Defendant has a lack of financial ties to the community, and he lacks stable employment.  These factors also present a risk of flight, weighing in favor of detention.

At the time of the offense and his arrest, Defendant was on release pending trial for a state law offense.  On May 1, 2020, Defendant was arrested in Tampa on a state charge for carrying a concealed weapon.[2]  His bond conditions prohibited him from possessing or acquiring firearms.  Yet, the Government has provided evidence to show that a few weeks later, Defendant purchased a pistol, silencer, and ammunitions clips from a confidential informant.  Although his criminal history in the United States appears limited to this state law offense, Defendant was previously convicted of terrorism-related offenses in Saudi Arabia.  Defendant's criminal history weighs heavily in favor of detention.

*Nature and Seriousness of the Danger to any Person or the Community Posed by Release* -- According to the complaint, Defendant was preparing himself for a deadly attack in support of ISIS by obtaining weapons and tactical gear.  He scouted potential targets, including a local beach and law enforcement buildings.  He told a confidential

---

[2] The Court notes that on June 2, 2020, the State of Florida filed a notice of *nolle prosequi*, and the case has since been dismissed.

informant that he did not want to kill just four or five people, but at least fifty. These allegations, and the evidence supporting the allegations, weigh heavily in favor of detention.

## Conclusion

The Court concludes that the United States has met its burden in proving by clear and convincing evidence that Defendant is not entitled to pretrial release. There is a presumption in favor of detention due to the charge against him, and Defendant has failed to rebut that presumption. Even if there was no statutory presumption, the § 3142(g) factors weigh heavily in favor of detention. The Court specifically finds that there is no condition, or combination of conditions, that will reasonably assure Defendant's appearance at future court proceedings or the safety of the community. Defendant's proffered bond conditions of home detention, supervision by a family member, and other conditions are inadequate.[3] Consequently, Defendant's "Motion to Revoke Detention Order" (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of July, 2020.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[3] It is notable that Defendant argues that a firearms restriction would be an appropriate condition of release when the Government has presented evidence that he violated a similar restriction imposed as a condition of his pretrial release on a state charge.