UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S "OBJECTION TO MAGISTRATE JUDGE'S PRELIMINARY HEARING DECISION"

This matter is before the Court on Defendant's "Objection to Magistrate Judge's Preliminary Hearing Decision." (Doc. 29). United States Magistrate Judge Elizabeth Jenkins found that, based on the allegations of the complaint, there was sufficient probable cause to support the charge of attempting to provide material support to a foreign terrorist organization. (Docs. 23; 30). On June 15, 2020, Defendant timely filed his objection. (Doc. 29). On June 24, 2020, the United States filed a response in opposition. (Doc. 36).

A party may file objections to a magistrate judge's order on a non-dispositive pretrial matter within fourteen days after service of the order. Fed. R. Crim. P. 59(a). When objections are filed, the district court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* A magistrate judge's "determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)); *see also United*

*States v. Bouknight*, No. 3:19-cr-72-J-34MCR, 2020 WL 3169873, at *5 (M.D. Fla. June 15, 2020).

Defendant challenges the magistrate judge's determination that the complaint established sufficient probable cause. However, on June 23, 2020, the grand jury returned an indictment against Defendant. (Doc. 33). The filing of the indictment renders Defendant's objection to the probable cause determination moot. *See Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972) (holding that defendant's challenge to complaint and arrest warrant were moot following grand jury indictment); *see also Rivers v. United States*, No. 3:13-cr-3954-BEN-1, 2019 WL 1959583, at *2 (S.D. Cal. May 2, 2019) (explaining that challenge to criminal complaint would have been mooted by finding of probable cause following grand jury indictment).

Even if this objection was not moot, the Court would still deny relief. After an independent and *de novo* review of the record, the undersigned concurs with Judge Jenkins. Judge Jenkins' probable cause determination is neither clearly erroneous nor contrary to law. *See United States v. Augustin*, 661 F.3d 1105, 1119 (11th Cir. 2011) (affirming conviction for conspiring to provide material support to Al Qaeda in the form of personal service because it was reasonable for jury to conclude based on evidence that defendants were conspiring to act under the direction and control of Al Qaeda); *United States v. Jones*, 383 F. Supp. 3d 810, 816 (N.D. Ill. 2019) (explaining that § 2339B(h) does not require that defendants be under the direction or control of ISIS, just that the defendants attempted to provide

personnel to work under ISIS's direction or control).  Consequently, Defendant's objection is **OVERRULED**.

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of July, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**