UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE
PURSUANT TO 18 U.S.C. APP. III SECTION 2 AND APPOINTMENT OF
A CLASSIFIED INFORMATION SECURITY OFFICER**

The United States of America moves for a pretrial conference, pursuant to

Section 2 of the Classified Information Procedures Act ("CIPA").   18 U.S.C.

App. III § 2.   The United States respectfully requests that the Court convene a

pretrial conference to consider matters relating to such classified information as

required by Section 2 of CIPA and set a briefing schedule for the filing of a CIPA

Section 4 motion.   In addition to its request for a pretrial conference, the United

States is filing this motion to provide the Court and the defendant with initial

guidance on CIPA procedures and request the appointment of a classified

information security officer.

## I.      OVERVIEW OF CIPA

CIPA contains a set of procedures by which federal district courts and

magistrate courts rule on pretrial matters concerning the discovery, admissibility

and use of classified information in criminal cases.   *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994).   CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest."   *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).   It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."   *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006), *cert. denied*, 549 U.S. 1117 (2007).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service."   *CIA v. Sims*, 471 U.S. 159, 175 (1985) (*quoting Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (*per curiam*)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world.").   Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no

2

injustice is done to the criminal defendant."   *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 989 (1974).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence.   *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."), *rehearing and suggestion for rehearing en banc denied,* 149 F.3d 1197 (11th Cir. 1998), *cert. denied*, 527 U.S. 1021 (1999); *accord see United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc).   Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.   *See Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).   Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense."   *United States v. Varca*, 896 F.2d 900, 905 (5th Cir.), *rehearing denied*, 901 F.2d 1110 (5th Cir.), *cert. denied*, 498 U.S. 878 (1990); *accord United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA

does not enlarge the scope of discovery or of *Brady*.").   Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.   *See Baptista-Rodriguez*, 17 F.3d at 1364.

### A.   Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security.   18 U.S.C. App. III § 1(a).   "National security" means the national defense and foreign relations of the United States.   *Id.* § 1(b).   CIPA applies equally to classified testimony and classified documents.   *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (*citing United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

### B.   Section 2 - Pretrial Conference

Section 2 of CIPA, the section the government is invoking in the instant motion, authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution."   18 U.S.C. App.

III § 2.   Following such motion, the court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA.   *Id.*   In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial.   *Id.*   No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference.   *See* S. Rep. No. 96-823, at 5-6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney.   18 U.S.C. App. III § 2.

## C.    Section 3 - Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant.   *Id.* § 3.   Section 3 was intended "to codify the well-established practice, based on the

5

inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[1]   In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution" where such disclosure of classified information is necessary.   *Id.*

### D.     Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court, "upon a sufficient showing," to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.   18 U.S.C. App. III § 4; *see e.g. United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir.), *cert. denied*, 525 U.S. 834 (1998); *Yunis*, 867 F. 2d at 619-625.   Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."   Fed. R. Crim. P. 16(d)(1).   The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in

---

[1] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

order to protect national security.   *See* S. Rep. No. 96-823 at 6, 1980

U.S.C.C.A.N. at 4299-4300; *see also United States v. Pringle*, 751 F. 2d 419, 427 (1st

Cir. 1985).

Section 4 provides, in pertinent part, that a district court, upon a sufficient

showing, may authorize the United States to: 1) delete specified items of classified

information from documents to be made available to the defendant through

discovery under the Federal Rules of Criminal Procedure: 2) to substitute a

summary of the information for such classified documents; or, 3) to substitute a

statement admitting relevant facts that the classified information would tend to

prove.   The court may permit the United States to make a request for such

authorization in the form of a written statement to be inspected by the court

alone.   18 U.S.C. App. III § 4.

In essence, Section 4 allows the United States to request that the court

review, *ex parte* and *in camera*, classified information to determine whether it is

discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United

States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified

information from disclosure through various means if it is discoverable.   *See

United States v. Libby*, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by

*United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); *also United

States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998), *cert. denied sub*

7

*nom.; Payan-Solis v. United States*, 528 U.S. 842 (1999); *Rezaq*, 134 F.3d at 1142;
*Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28; *Kasi*, 200 F. Supp. 2d at
596 n.6.

For example, the government may request that the court deny discovery of
a classified document in its entirety pursuant to Section 4 because it is not
discoverable under the relevant legal standard.   *Libby*, 429 F. Supp. at 48.
Alternatively, the government may file a motion under Section 4 to delete specific
classified information from a document that either the government or the court
has deemed discoverable, or to substitute an unclassified summary or admission
in the place of the document.   *Id.* at 47.   If the court determines that the
disputed document is not subject to discovery, or, if it is, permits deletion or
substitution of the classified information, then the entire text of any *ex parte in
camera* pleadings shall be sealed and preserved in the court's record to be made
available to an appellate court in the event of an appeal.   18 U.S.C. App. III § 4;
*see also United States v. Aref*, No. 04-CR-402, 2006 WL 1877142, at *2 (S.D.N.Y.
Jul. 6, 2006).

**E.    Sections 5 and 6 - Procedure for Cases Involving Classified Information
Possessed by the Defendant**

Sections 5 and 6 of CIPA apply when a criminal defendant who already
possesses classified information seeks to disclose such information during the
course of a trial or proceeding.   *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363;

*Sarkissian*, 841 F.2d at 965-66; *Collins*, 720 F.2d at 1199-1200.    Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose.    *See* 18 U.S.C. App. III § 5(a).    Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial."    *Id.*    Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense.    *See Collins*, 720 F.2d at 1199.    The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information.    *See United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987), *cert. denied*, 485 U.S. 937 (1988).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired.    18 U.S.C. App. III § 5(a).    If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with

respect to such information.   *Id.* § 5(b).

After the defendant files the requisite notice, under Section 6(a), the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence.   18 U.S.C. App. III § 6(a).   Upon such a request, the court shall conduct a hearing.   *Id.*   Such hearing shall be conducted *in camera* if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information.   *Id.*   Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue. *Id.* § 6(b)(1).   If the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant.   *Id.*   The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing."   *Id.* § 6(b)(2).

If the government requests a hearing before the proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the proceeding commences.   *Id.* § 6(a).   The court's ruling should be in writing and should set forth the basis for its determination as to each item of

classified information.   *Id.*

If, after an *in camera* hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.   *Id.* § 6(d).   If the court finds the classified evidence may be disclosed or elicited, the government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information.   *Id.* § 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue.   *Id.* § 6(e)(1). Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3.   Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the

11

indictment.   18 U.S.C. App. III § 6(e)(2).   An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information.   *Id.*

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require."   *Id.* § 6(f).   The court may place the United States under a continuing duty to disclose rebuttal information. *Id.*   If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information.   *Id.*

## F.   Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.   *Id.* § 7.   If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.   *Id.*   Such an appeal and decision does not affect the

defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court.   *Id.* § 7(b).

### G.    Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence.   *Id.* § 8.   Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status.    This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified.   *See* S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered.    The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information.   *Id.* at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.   *Id.* at 11, 1980 U.S.C.C.A.N. at 4304.   Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the

witness to disclose classified information that was not previously held to be admissible.   18 U.S.C. App. III § 8(c).   Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."   *Id.*   In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.   S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

### H.   Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.   18 U.S.C. App. III § 9(a).   Security Procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA.   One such security procedure involves the appointment of a classified information security officer.

### I.   Section 9A - Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and

status of a prosecution involving classified information to a senior official of the agency in which the classified information originated.   *Id.* § 9A(a).

**J.   Section 10 - Identification of Information Related to the National Defense**

This section applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information.   *See* S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305.   In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime.   18 U.S.C. App. III § 10.

**K.   Sections 11 through 15 - Miscellaneous Provisions**

The remaining sections of CIPA contain various housekeeping provisions. Section 11 provides for amendments to Sections 1 through 10 of CIPA.   Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined.   Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA.   Section 14 identifies the senior officials to whom the functions and duties of the Attorney General under CIPA may be

15

delegated.    Finally, Section 15 provides the effective date of CIPA.

## II.    REQUEST FOR PRETRIAL CONFERENCE AND APPOINTMENT OF CLASSIFIED INFORMATION SECURITY OFFICER

The Defendant in this case is charged with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, receipt or possession of a firearm transferred in violation of the National Firearms Act, in violation of 26 U.S.C. § 5861(b), and receipt or possession of a firearm which is not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).    The United States expects to use classified information to prove its case, and it anticipates that issues relating to classified information and CIPA will arise, which the United States will address in a Section 4 motion to be filed at the Court's direction.

Pursuant to Section 9 of CIPA, and to assist the court and court personnel in handling and implementing any motions pursuant to CIPA, the United States requests that the Court designate Carli V. Rodriguez-Feo as the Classified Information Security Officer ("CISO") for this case.    As CISO, Ms. Rodriguez-Feo will perform the duties and responsibilities prescribed for CISOs in the Security Procedures promulgated by the Chief Justice, *see* 18 U.S.C. App. III § 9; Pub. L. 96-456, 94 Stat. 2025, and will be available to explain the procedures required to authorize the Court's staff, including law clerks and court reporter, to

16

access and secure any classified material related to this case.    The United States further requests that the Court designate the following persons as Alternate CISOs, to serve in the event Ms. Rodriguez-Feo is unavailable: Daniel O. Hartenstine, Matthew W. Mullery, Maura L. Peterson, Harry J. Rucker, and W. Scooter Slade.

### III.    <u>CONCLUSION</u>

Accordingly, the United States respectfully moves for a pretrial conference to consider matters involving classified information pursuant to Section 2 of CIPA.    The United States further moves for the appointment of a CISO and Alternate CISOs, as specified in the attached proposed order.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:    */s/ Patrick D. Scruggs*
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Suite 3200
Tampa, Florida   33602
Telephone:    (813) 274-6000
E-mail: patrick.scruggs@usdoj.gov

17

**U.S. v. Muhammed Al-Azhari**          **Case No. 8:20-cr-206-T-60AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Samuel Landes, Esq.

/s/ Patrick D. Scruggs
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Ste. 3200
Tampa, Florida   33602
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6125
E-mail:   patrick.scruggs@usdoj.gov

18