UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                            CASE NO. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI

## ORDER

Upon the motion of the government for a protective order regarding discovery, the Court finds that good cause exists to restrict discovery and inspection in this case pursuant to Fed. R. Crim. P. 16(d)(1). The Court further finds that the public dissemination of sensitive discovery materials pertaining to a Federal Bureau of Investigation ("FBI") undercover employee ("UCE"), confidential human source ("CHS"), and online covert employee ("OCE"), including reports and recordings involving communications with the UCE, CHS or OCE, may endanger witnesses or informants and may endanger information that is vital to the national security.

IT IS THEREFORE ORDERED that the United States' motion for a protective order is hereby GRANTED, with the following conditions:

1.     **Sensitive Information.** The term "Sensitive Information" includes any actual or cover name, identifier, or online account name used by any FBI UCE, CHS or OCE, and any other descriptors, as well as any reports and

1

recordings involving communications with an UCE, CHS or OCE. Such Sensitive Information shall be labeled as such by the United States, but will remain Sensitive Information regardless of such labeling.

2. **Designation of Material Subject to this Protective Order.** To designate Sensitive Information subject to this Protective Order, the United States shall use the following designation, on the material itself, in an accompanying cover letter, on a disc cover or label, or in a digital file or folder name: "SENSITIVE INFORMATION-SUBJECT TO PROTECTIVE ORDER."

3. **Non-Disclosure of Sensitive Information.** The parties will not disclose, publicly or in any pretrial filing or at any pretrial hearing, any Sensitive Information, except in compliance with the procedures set forth herein.

4. **Non-Dissemination of Sensitive Information.** The Defendant and defense counsel will not disseminate Sensitive Information to any other persons, except in compliance with the procedures set forth herein.

5. **Defendant's Access to and Use of Sensitive Information.** The parties may use the Sensitive Information only for purposes of this litigation and may only disclose such Sensitive Information in compliance with the procedures set forth below. However, with respect to the Defendant's access to Sensitive Information, the Defendant may review Sensitive Information in this case only in the presence of a member of the defense team, and the Defendant's counsel of

record shall ensure that the Defendant is not left alone with any Sensitive Information. The Defendant may see and review Sensitive Information in the presence of a member of the defense team, but the Defendant may not copy, keep, maintain, or otherwise possess any Sensitive Information in this case at any time. The Defendant must return any Sensitive Information to the defense team at the conclusion of any meeting at which the Defendant is permitted to view the Sensitive Information. The Defendant may not take any Sensitive Information out of the room in which the Defendant is meeting with the defense team. The Defendant may not write down or memorialize any Sensitive Information. At the conclusion of any meeting with the Defendant, a member of the defense team present shall take with him or her the Sensitive Information. At no time will any Sensitive Information be left in the sole possession, custody, or control of the Defendant, whether or not the Defendant is incarcerated.

6.     **Dissemination of Sensitive Information within the Defense Team.** Defense counsel may provide Sensitive Information to members of the defense team, including co-counsel, paralegals, investigators, translators, litigation support personnel, and secretarial staff (hereinafter, the "defense team"). Defense counsel must provide such recipients who are members of the defense team with a copy of this Protective Order.

7. **Use of Sensitive Information by Defense Team.** The defense team may only use Sensitive Information for the purpose of litigating this criminal case, including any appeal.

8. **Dissemination of Information Beyond the Defense Team.** Defense counsel, as well as members of the defense team who are authorized to be in possession of Sensitive Information, may disclose Sensitive Information to experts or outside investigators retained in this litigation, as follows:

   a. Such disclosure may occur only as needed for the litigation;

   b. Defense counsel must seek authorization from the Court for such disclosure. Such authorization may be sought and approved on an *ex parte* basis, as appropriate; and

   c. Upon authorization, defense counsel must provide the recipient with a copy of this Protective Order.

9. **Record of Recipients of Sensitive Information.** Defense counsel shall maintain a list of persons to whom Sensitive Information materials are disclosed.

10. **Use of Sensitive Information in Court Filings and Open Court.** Nothing in this Protective Order shall restrict the parties' use of Sensitive Information contained therein in connection with the parties' investigation of the allegations, litigation, or introduction of evidence at a hearing or trial, except that

any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Information; (b) summarize or refer to the contents of Sensitive Information; (c) attach copies of Sensitive Information, or (d) in any other way use Sensitive Information shall be filed under seal, unless the parties agree to the public filing of such information, or all information that would identify the subject of the document or filing has been removed or redacted, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket.  The procedures for use of Sensitive Information designated by either of the parties for use in court during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  No party shall disclose in open court Sensitive Information that they seek to use without prior consideration by the Court.

11.     **Maintenance and Storage of Sensitive Information.**  Defense counsel shall maintain all Sensitive Information in a secure and safe area and shall exercise the same standards of due and proper care with respect to the storage, custody, use, and dissemination of such information as are exercised by the recipient with respect to his or her own confidential information.  In addition, except as set forth below with respect to UCE, CHS and OCE identifiers and recordings, individuals apart from the defense team who are authorized to be in receipt of Sensitive Information pursuant to this Protective Order shall have in

place appropriate administrative, technical, and physical safeguards to protect the privacy of the Sensitive Information.

    12.    **Additional Protection of UCE, CHS and OCE Recordings.**  As set forth above, the actual or cover name, identifier, online account name of an UCE, CHS or OCE, and any other descriptors or recordings that could lead to the identity of an UCE, CHS and OCE, are considered Sensitive Information.  The following specific protections will apply to recordings:

    a.    All recordings in which an UCE, CHS or OCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of an UCE, CHS or OCE, may be copied or reproduced only for use by members of the defense team, excluding the Defendant, individuals apart from the defense team who are authorized to be in receipt of Sensitive Information pursuant to this Protective Order, and may only be provided to further the investigation and preparation of this case.

    b.    All recordings in which an UCE, CHS or OCE can be seen or heard, or in which an UCE, CHS or OCE is discussed in terms that could lead to the disclosure of their actual or cover name, identifier, or online account name, must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team, but excluding the Defendant.

    c.    No one other than defense counsel may maintain such recordings, described above.

    d.    The United States may request to delete the true name of an UCE, CHS or OCE from discovery. The United States may also request to delete the cover name and/or online account name of an UCE, CHS or OCE from discovery if such deletion is necessary to protect the identity and security of that person.

    13.    **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to this Order.

    14.    **Disposition of Sensitive Information.** Within 90 days of any final judgment in this case, by the later of i) the sentencing of the Defendant, ii) the Defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice, or within 90 days of the termination of defense counsel's representation of the Defendant, the Defendant and defense counsel shall return to the United States all documents and recordings designated Sensitive Information and all copies thereof, including any derivative discovery materials (e.g., verbatim transcripts of recordings or transcripts), or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. Defense counsel reserves the right to petition this Court for an extension of this 90-day time period as needed. Furthermore, the defense counsel

may maintain work product containing Sensitive Information subject to the protections of this Protective Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

15. **No Waiver.** The failure to designate any materials as Sensitive Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

16. **No Ruling on Discoverability or Admissibility.** This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

17. **Unauthorized Disclosure.** Should any Sensitive Information be improperly disclosed by a member of the defense team or individuals apart from the defense team who are authorized to be in receipt of Sensitive Information pursuant to this Protective Order, then defense counsel shall use his or her best efforts to obtain the return of any such Sensitive Information and to bind the recipient of Sensitive Information to the terms of this Order and shall, within 10 business days of the discovery of such disclosure, inform the Court and the

United States of the unauthorized disclosure and identify the circumstances thereof.

18.     **Sanctions for Unauthorized Disclosure.**  Rule 16(d)(2) of the Federal Rules of Criminal Procedure provides sanctions for failing to comply with this Order.  Both parties shall use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing notice to the other party at least five business days in advance.

19.     **Modification Permitted.**  Nothing in this Order shall prevent any party form seeking modification of the Protective Order.  The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from the Court.

20.     **Property of the United States.**  All Sensitive Information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States, unless the Court otherwise orders.

21. **Non-termination.** This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

DONE and ORDERED, this ____ day of _____, 2020.

_____
ANTHONY E. PORCELLI
United States Magsitrate Judge