UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ ALAZHARI
_____/

<u>MOTION FOR A BILL OF PARTICULARS</u>

**NOW COMES** Defendant, Muhammed Momtaz Alazhari, by and through undersigned counsel, and moves this Court to order the Government to file a bill of particulars specifying what "services" Mr. Alazhari is alleged to have provided in Count One.

<u>MEMORANDUM OF LAW</u>

<u>BACKGROUND</u>

Count One of the indictment charges that Mr. Alazhari "knowingly attempted to provide material support and resources, namely personnel (including himself) and services, to a foreign terrorist organization [FTO] . . ." in violation of 18 U.S.C. § 2339B. This offense was originally charged by complaint, and the complaint included a detailed affidavit explaining the Government's theory of the case. This Court held a preliminary hearing, which similarly demonstrated some of the Government's theory of the case. Lastly, the Government has provided partial discovery. All of these sources indicate that Mr. Alazhari is charged with attempting to provide himself as "personnel" for the FTO for the purpose of conducting an attack of some kind.

<u>ARGUMENT</u>

This Court should order the Government to file a bill of particulars specifying the "services" he allegedly attempted to provide the FTO. A court may direct the Government to file

a bill of particulars. Fed. R. Crim. P. 7(f). A defendant is entitled to be "fairly apprised of the government's theories and particulars upon which each count of the indictment was based." *See United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977). The purpose of a bill of particulars is to inform the defendant of the charges against him so that he may prepare his defense, avoid or minimize surprise at trial, and to enable him to plead double jeopardy in a subsequent prosecution. *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973) (citation omitted). Here, all three purposes would be served by a bill of particulars alleging the "services" Mr. Alazarhi attempted to provide.

> The statute underlying Count One provides:
>
>> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 20 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or life. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization . . . , that the organization has engaged or engages in terrorist activity . . . , or that the organization has engaged in or engages in terrorism . . . .

18 U.S.C. § 2339B(a). Subsection (g), entitled "Definitions," contains definitions of six terms, including "material support or resources," which definition merely cross-references the definition found in § 2339A. 18 U.S.C. § 2339B(g)(4). Section 2339A, in turn, provides:

> the term "material support or resources" means any property, tangible or intangible, or service, *including* currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials;

18 U.S.C. § 2339A(b)(1) (emphasis added).

Returning to § 2339B, a subsection entitled "Provision of personnel" provides:

> No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operations of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h).

Certainly, "a defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)). At this stage, at least, Mr. Alazhari is or likely will be sufficiently apprised of the historical facts the Government intends to prove. The complaint affidavit, the preliminary hearing, and the ongoing discovery process serve that role.

Mr. Alazhari is not, however, sufficiently apprised of what he must defend against with respect to the term "services" in the indictment. Surely, Mr. Alazhari is alleged to have attempted to provide himself (and possibly someone else) as "personnel" for the FTO. But the indictment alleges that he provided personnel "and" services. The statute defines "material support or resources" as "any property . . . or service, *including* . . . personnel . . . ." 18 U.S.C. § 2339A(b)(1) (emphasis added). The word "including" links "personnel" to "service," and makes "personnel" a subspecies of "service." *Cf. Stansell v. Revolutionary Armed Forces of Columbia*, 704 F.3d 910, 915 (11th Cir. 2013); *United States v. Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014).

3

The indictment and sources outside of the indictment leave unclear in what way Mr. Alazhari provided "personnel" *and* "services." All of the Government's evidence made available in the complaint affidavit, preliminary hearing, and discovery point toward only a "personnel" theory. Of course, the Government is permitted to plead in the conjunctive and prove in the disjunctive, to account for the exigencies of proof. *United States v. Griffin*, 705 F.2d 434, 436 (11th Cir. 1983). And, the Government's proof of conjunctively charged theories may sometimes overlap. But, to the extent that the proof of "services" and the proof of "personnel" is *entirely* overlapping, as it appears from the sources outside the indictment, the language of Count One is unclear. Certainly, the Government cannot avoid the stricter proof requirement of § 2339B(h) by labeling the same set of conduct "services." *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 23 (2010) (interpreting "service" to include the subsection (h) requirement, because "Congress would not have prohibited under 'service' what is specifically exempted from prohibition under 'personnel.'"). If the Government intends to present identical evidence to prove "services" and "personnel," then the indictment as written misleads Mr. Alazhari, and a bill of particulars is necessary. If such is the case, the word "services" is surplusage, because "personnel" is a subset of "service." *See* Fed. R. Crim. P. 7(d) (allowing the court to strike surplusage from the indictment).

If the Government intends to present differing theories of "services" and "personnel" at trial, then Mr. Alazhari is at a loss to identify its theory of "services" from the indictment or elsewhere. All of the evidence the Government has provided the Defense from any source points toward a theory of "personnel," and none of it points toward a separate theory of "services." If "services" is not surplusage, then Mr. Alazhari has not been "fairly apprised of the government's

4

theories and particulars upon which each count of the indictment [is] based." *Cantu*, 557 F.2d at 1178.  Thus, a bill of particulars is necessary to inform Mr. Alazhari of the charges against him so that he may prepare his defense and to avoid surprise at trial.

Lastly, a bill of particulars is necessary to protect Mr. Alazhari against double jeopardy. If the Government is not required to plead its theory of "services" – separate from its theory of "personnel" – Mr. Alazhari could be subject to multiple prosecutions for the same offense. Following a conviction or acquittal, an unsatisfied Government could indict again, arguing that it is presenting a "new" theory of "services" not presented in this trial.  This Court should require the Government to announce its theory now, through a bill of particulars, to protect against successive prosecutions.

**WHEREFORE** the Defendant, Mr. Alazhari, prays this Court will order the Government to file a bill of particulars.

DATED this 31st day of August 2020.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s Samuel E. Landes*
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:    (813) 228-2715
Facsimile:     (813) 228-2562
Email:  Samuel_Landes@fd.org

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st of August 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs.

                                          */s **Samuel E. Landes***
                                          Samuel E. Landes
                                          Assistant Federal Defender