UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-206-T-02AEP

MUHAMMED MOMTAZ AL-AZHARI

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO AMEND MOTION TO STAY
<u>ADMINISTRATIVE FORFEITURE PROCEEDINGS</u>**

The United States of America opposes Defendant's Motion to Amend (Doc. 78), in which he seeks to amend his Motion to Stay Administrative Forfeiture Proceedings (Doc. 63) to seek the stay of two additional administrative forfeiture proceedings identified by FBI Notice Letter ID 186363 (specifically as it relates to a drone identified by Asset ID 20-FBI-003918) and FBI Notice Letter ID 193882 (the "new assets").[1] Defendant states that the arguments in his Motion to Stay Administrative Forfeiture Proceedings apply equally to these administrative forfeitures; that is, he argues that a stay of these administrative proceedings is necessary in order to protect his Fifth Amendment privilege against self-incrimination. Specifically,

---

[1] The United States does not object to the new assets being added to the prior motion, but does object to the requested stay. Because the new assets raise issues not implicated in the original motion, the United States files this response.

Defendant asserts that if he is forced to file a claim asserting ownership of the subject property in the administrative proceedings, he will be incriminating himself for purposes of the criminal prosecution pending against him, and that if he does not file a claim, the property will be forfeited.

As already explained in the opposition to Defendant's motion to stay (Doc. 69), the Court does not have jurisdiction to stay administrative forfeiture proceedings. Moreover, less drastic remedies are available to the Court here. Namely, because the Defendant still has time to file a claim in the administrative forfeiture for the new assets, the Court can enter a protective order limiting the introduction of such claims into evidence in this case, to the extent such claims implicate Defendant's Fifth Amendment right against self-incrimination.

## MEMORANDUM OF LAW

### I.   PROCEDURAL HISTORY

On June 10, 2020, the FBI seized a drone with remote and accessories. On June 12, 2020, the FBI seized $1,352.73 from Defendant's bank account. Thereafter, on August 3, 2020, the FBI sent written notice of these seizures and initiation of administrative forfeiture proceedings to Defendant. *See* Notice Letter ID 186363 (Doc. 78 at 4-6). The notice advised Defendant that

he had until September 7, 2020 to assert an interest in the seized property by filing a claim.

On September 4, 2020, Defendant's counsel informed the FBI and counsel for the United States that he did not intend to file a claim as to the drone, and that he instead would seek to amend his Motion to Stay Administrative Forfeiture Proceedings to request that that the forfeiture of the drone be stayed. Defendant's counsel has requested two extensions to file a claim, which the FBI has granted.[2] Pursuant to these extensions, Defendant has until September 28, 2020 to assert an interest in the drone and/or the bank account funds by filing a valid claim.

On July 9, 2020, the FBI seized a face mask and tactical vest. On August 31, 2020, the FBI sent written notice of the seizure and initiation of administrative forfeiture proceedings to Defendant. *See* Notice Letter ID 193882 (Doc. 78 at 8-10). The notice advises Defendant that he has until October 5, 2020 to assert an interest in the seized property by filing a claim.

---

[2] On September 4, 2020, Defendants' counsel requested a two-week extension to file a claim, citing delays in his office's mail delivery system due to COVID-19. On September 8, 2020, the FBI extended the claim period referenced in Letter ID 186363 for two weeks (*i.e.*, through September 21, 2020). On September 21, 2020, Defendants' counsel requested an additional week extension, which the FBI also granted.

## II. ARGUMENT

### A. The Court Lacks Jurisdiction to Stay the Administrative Forfeiture Proceedings

The United States reasserts and incorporates the arguments set forth in its opposition to Defendant's motion to stay (Doc. 69) and at the hearing on September 1, 2020, that the Court lacks jurisdiction to stay the administrative forfeitures. As stated more fully in the United States' opposition, the Defendant has not provided any legal authority authorizing the Court to stay the FBI's forfeiture proceedings, and none exists. Defendant can only point to case law relating to the stay of civil *judicial* forfeiture proceedings. Even if the law authorizing the stay of civil judicial forfeitures applied here, which it does not, Defendant cannot possibly establish the standing to seek such a stay, since he has not filed a claim in the administrative forfeiture proceedings asserting an interest in the subject property; currently, he is only a *potential* claimant. Furthermore, at this juncture, the Court does not have jurisdiction to grant a stay of the administrative forfeiture proceedings.

Moreover, the Court cannot exercise its ancillary jurisdiction to stay the administrative forfeiture proceedings, as Defendant's counsel suggested at the September 1, 2020 hearing. Defendant could not provide any case law where a court has actually done this, and instead relied solely on *Garcia v. Teitler*, 443

F.3d 202 (2d Cir. 2006), which does not support such a far-reaching application of the ancillary jurisdiction doctrine.

In *Garcia*, the court held that "resolving a fee dispute after an attorney withdraws following a *Curcio* hearing is within a district court's ancillary powers, as it relates to the court's ability to function successfully." 443 F.3d at 208. The court acknowledged that district courts have exercised ancillary jurisdiction in criminal matters to address motions to expunge arrest records or motions for return of property, *see id.* at 207, but the court's decision does not in any way suggest that a court has ancillary jurisdiction over proceedings governed by an administrative agency. Ancillary jurisdiction should not be used to "enlarge jurisdiction over subject matter which, as governed by statute, lies only within the exclusive jurisdiction" of an administrative agency. *See Local No. 423, Int'l Union of Mine, Mill & Smelter Workers v. Anaconda Am. Brass Co., Torrington Div.*, 204 F. Supp. 93, 96 (D. Conn. 1962). Here, the instant administrative forfeiture proceedings are within the sole jurisdiction of the FBI. *See* 19 U.S.C. § 1607(a).

### B. The Court Can Address Defendant's Constitutional Concerns by Issuing a Protective Order as to the Administrative Claims Not Yet Due

Since the court's hearing on Defendant's motion to stay, the United States District Court for the District of New Mexico has considered a similar

motion to stay administrative forfeiture proceedings initiated by the United States Customs and Border Protection (CBP), and issued an order in which it "agree[d] with the Government that there are not actual civil [judicial] proceedings to stay." *See United States v. Mendoza*, --- F. Supp. 3d ---, No. 1:20-cr-00688-WJ, 2020 WL 5494558, at *4 (D.N.M. Sept. 11, 2020), attached as Exhibit A.

In *Mendoza*, the defendant was indicted on drug trafficking offenses. 2020 WL 5494558, at *1. During and after the arrest, the CBP seized funds and property. *Id.* The CBP then served the defendant with notices that informed him that the Government intended to civilly forfeit the seized funds and property. *Id.* The notices further explained that the defendant had an option to request referral of the matter to the United States Attorney, who will have authority to file a forfeiture action in federal court, by submitting a claim that identified the property in which he claimed an interest, and the interest in such property. *Id.* The defendant filed a motion to stay the forfeiture proceedings, arguing that 18 U.S.C. § 983(2) was unconstitutional because if he filed a claim sufficient to secure the property as required under the statute, his Fifth Amendment right against self-incrimination would be violated. *Id.*

The United States opposed the motion on the grounds that the Court lacked jurisdiction to grant Defendant his requested relief.[3] *Id.*

The district court acknowledged the "tension . . . between the judicial limitations in a purely administrative, non-judicial forfeiture proceeding and the Defendant's [Fifth Amendment] right." *Id.* at *3. The Court further noted that, if the defendant filed a claim, it would allow for forfeiture proceedings to arise in federal court, which would bring the constitutional claim "more clearly into this Court's jurisdiction." *Id.* at *4. Recognizing the court's lack of jurisdiction to stay the proceedings, but also acknowledging the burden on defendant's constitutional rights if required to file a claim, the Court declined to stay the administrative forfeiture proceedings and instead issued the following protective order limiting the disclosure of the claims forms and the use of their contents in the criminal proceeding:

> Privileged Content may not be introduced in any criminal proceeding brought against Defendant by the United States Attorney for the District of New Mexico, except in connection with perjury charges or for purposes of impeachment.

*Id.* at *4-5.

---

[3] The United States also challenged the defendant's position that stating an ownership interest in the seized property could provide evidence against the defendant in the criminal proceeding. *Id.* at *1.

While the *Mendoza* decision was just issued on September 11, 2020 and is still subject to appeal,[4] it presents this Court with a potential remedy that would resolve Defendant's concerns about filing a claim in the newly identified assets without stepping outside its jurisdiction. Therefore, the United States would agree to the entry of the same protective order issued in *Mendoza* as to any claims filed for the new assets, provided that the Defendant *timely* files those claims.

The United States has provided Defendant's counsel with a copy of the *Mendoza* opinion and proposed such a protective order on September 18, 2020. Defendants' counsel refused to agree to such an order unless it also encompassed the administrative forfeiture proceedings addressed in Defendant's initial motion, even though, as Defendant's counsel acknowledged, the deadline for filing a claim in those proceedings has passed.[5]

---

[4] In *Mendoza*, the court gave the defendant a 30-day extension of the 35-day statutory deadline in which to file a claim. *Id.* at 5. Neither party had addressed the possibility of the extension and, therefore, there was no discussion in the pleadings or order about the court's authority to extend the deadline. The United States maintains that, for the same reasons that the Court lacks jurisdiction to grant a stay, it lacks jurisdiction to extend the deadline for filing an administrative claim.

[5] Defendant's counsel briefly proposed the remedy of a protective order in a footnote in his Motion to Stay Administrative Forfeiture Proceedings. However, he has not offered any legal authority that suggests the Court has the authority to force the FBI to accept late claims, or that the Court has the authority to extend the deadlines imposed by the FBI.

Entry of an order allowing the Defendant to file claims in those administrative proceedings would be an improper overreach by the Court. The deadline by which Defendant had to file a valid claim in those proceedings expired on August 24, 2020, and only the FBI has the authority to extend the deadline or accept an untimely claim. *See* 18 U.S.C. § 983(a)(2)(B). Thus, to the extent the Court chooses to grant a protective order, it should limit such order to those claims that can still be timely filed.

### III. CONCLUSION

For these reasons, Defendant's Motion to Amend Defendant's Motion to Stay Administrative Forfeiture Proceedings should be denied to the extent that it seeks a stay of administrative forfeiture proceedings or a protective order as to administrative forfeiture claims that have not been timely submitted.

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/ Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: anita.cream@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
