UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE AND MULTIPLICITY**

The United States of America files this response in opposition to the motion of the Defendant, Muhammed Momtaz Al-Azhari, to dismiss the indictment for failure to state an offense and multiplicity (Doc. 70).

**MEMORANDUM OF LAW**

All three counts of the indictment adequately state an offense, and the Defendant's motion tries to add unnecessary pleading requirements. Additionally, Count Two and Count Three are not multiplicitous under *Blockburger v. United States*, 284 U.S. 299 (1932).

On May 26, 2020, and the Defendant was federally arrested pursuant to a criminal complaint. On June 23, 2020, a grand jury returned an indictment charging the Defendant with violations of 18 U.S.C. § 2339B(a) (Count One) and 26 U.S.C. § 5861(b) and (d) (Count Two and Count Three, respectively).

Count One alleges that the Defendant:

> "knowingly attempted to provide material support and resources, namely personnel (including himself) and services, to a foreign terrorist organization, namely, the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS was a designated foreign terrorist organization and that ISIS has engaged and was engaging in terrorist activity and terrorism."

Doc. 33 at 2. Count Two alleges that the Defendant:

> "knowingly received and possessed a firearm, namely, a SilencerCo Osprey silencer bearing serial number OSP9M-5489, transferred to him in contravention of Chapter 53 of Title 26."

*Id.* Count Three alleges that the Defendant:

> "knowingly received and possessed a firearm, namely, a SilencerCo Osprey silencer bearing serial number OSP9M-5489, not registered to him in the National Firearms Registration and Transfer Record."

*Id.*

### I.   Count One adequately states the offense under 18 U.S.C. § 2339B

The indictment adequately states the offense as to Count One. There is no requirement that the Government allege that the Defendant attempted to work under the "direction and control" of ISIS, per 18 U.S.C. § 2339B(h). Because subsection (h) is a definition, and not an element, it need not be pled in the indictment. *United States v. Shafi*, 252 F.Supp.3d 787, 795 (N.D. Cal. 2017). As the indictment otherwise tracks the statutory language of § 2339B(a)(1), setting forth all of the elements of the offense, the indictment is not deficient.

The Defendant's claims as to Count One partly rehash those he made in his motions challenging the sufficiency of the probable cause as to the complaint. *See* Doc. 27, 29. They include his claims that subsection (h) lists an element of the offense, and that it is not merely an affirmative defense to be raised at trial. According to the Defendant, because the indictment does not state that the Defendant attempted to work under the "direction and control" of ISIS, it fails to allege necessary facts.

Rule 7(c) (1) of the Federal Rules of Criminal Procedure requires the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." In reviewing a motion to dismiss an indictment, a court looks only at whether the Government has alleged each of the elements of the offense charged, and, taking the allegations as true, whether a criminal offense has been stated. *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000); *see also United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986). "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Wayerski,* 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting *United States v. Woodruff,* 296 F.3d 1041, 1046 (11th Cir. 2002)); *United States v. McNair,* 605 F.3d

3

1152, 1185 (11th Cir. 2010). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment, and more specifically, *the language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphases in original). "It is well-settled that a court may not dismiss an indictment...on a determination of facts that should have been developed at trial." *Id.* (quotation marks omitted). If the facts alleged in the indictment warrant an inference that probable cause exists to support all the necessary elements of the charge, the indictment is not fatally deficient and will suffice to adequately inform a defendant of the charge. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998).

  As an initial matter, the indictment alleges that the Defendant attempted to provide two forms of material support or resources: personnel and services. Even if the Court were to buy the Defendant's argument that § 2339B(h) sets forth an element that must be pled, as opposed to a definition, the language of that subsection applies only to the term "personnel." Count One would remain valid because it alleges that the Defendant also attempted to provide services to ISIS. But, in any event, the Defendant's argument lacks merit.

  As the Defendant notes, three district courts to have considered the issue have all ruled that § 2339B(h) is a definition that does not need to be pled in the indictment. *See United States v. Ludke*, No. 16-CR-175, 2018 WL 2059556, at *2 (E.D. Wis. May 2, 2018); *Shafi*, 252 F.Supp.3d at 795; *United States v. Pugh*, No.

4

15-CR-116 (NGG), 2015 WL 9450598, at *8 (E.D.N.Y. Dec. 21, 2015). A fourth district court has ruled that it is an affirmative defense, which also need not be pled. *See United States v. Ahmed*, Crim. No. 15-49 (MJD/FLN), 2015 U.S. Dist. LEXIS 171561 (D. Minn. Sept. 1, 2015). The United States is not aware of any court ruling that § 2339B(h) is an element of the offense that must be pled—despite the fact that it has been nearly 16 years since that subsection was enacted. Intelligence Reform and Terrorism Prevention Act of 2004 (IRTPA), Pub. L. 108-458, § 6603(c), 118 Stat. 3762-64.

In *Shafi*, the court examined both *Pugh* and *Ahmed* in reaching its conclusion, ultimately agreeing with the former opinion that subsection (h) is a definition. 252 F.Supp.3d at 792-93. Starting by analyzing the wording and structure of the statute, it observed that "[§ 2339B](a) is the only section of the statute that even appears to establish a criminal prohibition or to impose criminal penalties." *Id.* at 793. "The remainder of the section, by contrast, turns to other tasks," operating in a way that "regulates the reach and function of the language in subsection (a)." *Id.* However, these provisions do not render them elements of the activities that § 2339B(a) makes a crime. *Id.*

The *Shafi* court then dug deeper into the reasoning of *Pugh*, noting that subsection (h) used the phrase "the term 'personnel,'" placing the word "personnel" in quotation marks. 252 F.Supp.3d at 793. This is significant because it indicates an intent to limit the "definitional scope" of the term "personnel,"

much like a statutory definition typically does. *See id.* Additionally, the structure of subsection (h) "materially tracks the substantive offense" in § 2339B(a) and simply modifies the meaning of the word "personnel" as already included in that subsection. *See id.* at 793-94. *Shafi* further rejected the defendant's argument that, were subsection (h) a definition, it would be located in the "Definitions" subsection that immediately precedes it. *See id.* at 794. "[I]t is not always the case that Congress places all definitions of a statute in the 'definitions' section," and even the "Definitions" subsection at § 2339B(g) references other statutes. *See id.* The court concluded by reviewing the legislative history of subsection (h) and finding that it supported construing the subsection as a definition, not an element. *See id.* at 795.[1] This was true despite *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010), which followed Congress's passage of the Intelligence Reform and Terrorism Prevention Act of 2004 ("IRTPA"). *See id.* at 795-96. "If subsection (h) is a definitional provision and still requires, at a minimum, the government to prove 'direction or control' as part of the 'material support or resources' element beyond a reasonable doubt at trial, it has the same limiting effect on the scope of the statute. This interpretation keeps the statute well within the bounds of constitutionality." *Id.* at 796 (citing *Humanitarian Law Project*, 561 U.S. at 23).

---

[1] The *Shafi* court further found that holding subsection (h) to be definitional did not burden the defendant. 252 F.Supp.3d at 795. It also explicitly rejected a comparison of § 2339B (and subsection (h)) to the Sherman Act (*see id.* at 794-95), as the Defendant here attempts to argue (Doc. 70 at 13).

*Shafi* went on to refute the defendant's claim that, even as a definition, subsection (h) is an essential fact that must be alleged because the grand jury was not appropriately informed of the scope of personnel under that provision. *See id* at 798-99. This is similar to the Defendant's argument that subsection (h) is a fact that "embodies the culpability of the offense." Doc. 70 at 10. In *Shafi*, the defendant tried to claim that the reasoning in *Russell v. United States*, 369 U.S. 749 (1962), which involved a statute that criminalized the willful failure to answer questions pertinent to a question under inquiry from a congressional entity, required a grand jury to evaluate subsection (h) so as to comport with the Fifth Amendment. 252 F.Supp.3d at 798. However, the *Shafi* court determined, correctly, that the problem in *Russell* was that the defendants had been prejudiced because the indictment did not sufficiently apprise them of what they must be prepared to meet. *See id*. This differed from the *Shafi* defendant, who did not claim that he did not know what the government intended to prove against him. *See id.* Although subsection (h) may be "significant in limiting the scope of the statute, the 'core' of criminality is the attempt to provide material aid a foreign terrorist organization," and "[m]erely because those allegations, which were known to Shafi, were not stated explicitly in the indictment does not mean that the government will not have to prove them at trial." *See id.* at 799. The same is true in this case. The Defendant cannot say that he is unaware of what the government must prove against him.

The Defendant cites *United States v. Outler*, 659 F.2d 1306, 1309 (5th Cir. 1981), to suggest that subsection (h) "embodies the culpability of the offense," and, thus, it must be pled to protect his Fifth Amendment rights. Doc. 70 at 10-12. *Outler*, though, dealt with an implicit element of an offense that the Fifth Circuit had "repeatedly" held must be proven by the government (namely, lack of a legitimate medical reason for a prescribed controlled substance). *See id.* at 1309. According to the court, under 21 U.S.C. § 841(a), "Without behavior beyond professional practice, there is no crime." *Id.* But that is not true of 18 U.S.C. § 2339B(a) here. As the *Shafi* court stated, subsection (h) certainly limits the scope of the material support statute when alleging the provision of "personnel," but the heart of criminality is the attempt to provide material support to a foreign terrorist organization. *See* 252 F.Supp.3d at 798. Subsection (h) is not an *exception* to the offense, it is a limiting definition. *See Outler*, 659 F.2d at 1310. Therefore, the United States does not need to *negate* that provision to indict and convict the Defendant. *See id.* Rather, subsection (h) is part and parcel of what the term "personnel" already means under § 2339B(a) and what the Government must already prove. *See also United States v. Pugh*, 2015 WL 9450598, at *9 ("Section

2339B(h) overlaps with an element of the crime—specifically, the element of material support or resources.").[2]

The court in *Ludke* reached a similar conclusion. *See* 2018 WL 2059556, at *2. After first agreeing with *Shafi* that "the text and structure of the statute support the notion that sub[section] (h) is definitional," and that the legislative history shows that it was an attempt to more clearly define a form of material support, the court there held that the defendant "fail[ed] to show that the indictment's omission of facts regarding this issue impede[d] his ability to mount a defense." *Id.* at *2. Noting that "[a]n indictment founded on a general provision of a statute need not negative an exception made by a proviso or other distinct clause, whether in the same section or elsewhere," it determined that the defendant could not show that "the definition [at subsection (h)] is so critical that the general rule should not apply." *Id.*; *see also McKelvey v. United States*, 260 U.S. 353, 357 (1922).

*Pugh* leads us to the same outcome. There, the court found that subsection (h) modifies only the definition of the term "personnel" and does not create an element (or affirmative defense). *See* 2015 WL 9450598, at *9-11. It then rejected the argument that, even as a definition, the subsection operated as an essential element of the offense that was necessary to notify the defendant of the charges

---

[2] The United States notes that the Eleventh Circuit has since overruled *Outler* with respect to its interpretation of the statutory text in that case. *See United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (en banc). Therefore, it is questionable whether the opinion even holds persuasive value.

against him and to assure that he was tried on the matters considered by the grand jury. *See id.* at *12. All that the indictment must allege with regard to "material support and resources" under § 2339A (and, by analogy, § 2339B), is the term "personnel," or whatever other theory the government is relying upon. *See id.* at *12-13. "That courts do not require an indictment to plead beyond the term 'personnel' is unsurprising. In fact, it follows the longstanding rule that an indictment need not plead statutory definitions." *Id.* at *13.

This Court should adopt the reasoning of *Shafi*, *Ludke* and *Pugh* to hold that subsection (h) is a definition, and not an element that must be pled in the indictment. The Court should further find that subsection (h) does not need to spelled out in the indictment to comport with the protections of the Fifth Amendment. *See Shafi*, 252 F.Supp.3d at 798-99.

### II.     There is no heightened mens rea for Counts Two and Three

Counts Two and Three both allege violations of the National Firearms Act ("NFA"): 26 U.S.C. § 5861(b) and (d). For each count, the mens rea pled in the indictment is that the Defendant "knowingly" received and possessed the NFA firearm in question, followed by attendant circumstances. Doc. 33 at 2. That is enough to establish the elements of the offenses.

The Defendant's claim that the United States must plead knowledge of specific non-compliance with the NFA is not grounded in the case law. The Government does not need to plead or prove that the Defendant specifically knew

that the firearm had been unlawfully transferred to him or that it was not registered to him; it need only prove that the Defendant knew about the specific characteristics or features of the firearm that made it subject to an approval process before transfer and subject to registration.

The controlling case here is *Staples v. United States*, 511 U.S. 600 (1994). In *Staples,* the Supreme Court concluded that a defendant can only be convicted under § 5861(d)[3] when it is proven that he "knew of the features of his [weapon] that brought it within the scope of the [NFA]." 511 U.S. at 619. The Court reiterated that holding in *Rogers v. United States*, 522 U.S. 252, 254 (1998) ("§ 5861(d) requires the Government to prove that the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm"). "It is not…necessary to prove that the defendant knew that his possession was unlawful, or that the firearm was unregistered." *Id.* at 254-55. And the Eleventh Circuit has since recognized the same. *See United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009); *United States v. Miller*, 255 F.3d 1282, 1286 (11th Cir. 2001); *United States v. Moore*, 253 F.3d 607, 610 (11th Cir. 2001); *see also United States v. Coffell*, 720 F. App'x 521, 527 (11th Cir. 2017) ("the government must prove beyond a reasonable doubt that (1) the defendant

---

[3] The United States submits that the same analytical framework applies to § 5861(b). *See United States v. Evans*, 978 F.2d 1112, 1114 (9th Cir. 1992); *cf. United States v. Coffell*, 720 F. App'x 521, 527 (11th Cir. 2017); *United States v. Ruiz*, 253 F.3d 634, 638 (11th Cir. 2001).

11

possessed a firearm within the meaning of the Act; (2) the defendant knew the features of the firearm that brought it within the scope of the Act; and (3) the firearm was not property registered to the defendant"); *United States v. Aguilar-Espinosa*, 57 F. Supp. 2d 1359, 1363-64 (M.D. Fla. 1999). Even this Circuit's pattern jury instructions for § 5861(d) acknowledge as much. *See* Judicial Council of the United States Eleventh Judicial Circuit, *Pattern Jury Instructions (Criminal Cases), O106.1 (Possession of Unregistered Firearm)* (2020) ("The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely [describe essential feature].").

Accordingly, the indictment accurately states the offenses in both Count Two and Count Three. It states that the Defendant "knowingly" received or possessed a firearm—namely, a specific silencer—that a) had been transferred to him in contravention of Chapter 53 of Title 26, and b) was not registered to him in the National Firearms Registration and Transfer Record. At trial, the Government will be required to prove that the Defendant was aware of the specific characteristics or features of the firearm that made it subject to the cited subsections of the NFA under § 5861. But there is no need for it to prove (or allege) that the Defendant actually knew that the firearm was subject to an

12

approval process before transfer or that it had to be registered under the Act. *See United States v. Owens*, 103 F.3d 953, 956 (11th Cir. 1997); *see also United States v. Evans*, 978 F.2d 1112, 1114 (9th Cir. 1992); *United States v. Sedigh*, 658 F.2d 1010, 1012 (5th Cir. 1981). The Court should find that Counts Two and Three are adequate.

### III.   Counts Two and Three are not multiplicitous

Eleventh Circuit precedent establishes that when comparing charges under different statutory provisions pursuant to *Blockburger*, a court must examine only the elements of the offenses themselves. *See United States v. Hassoun*, 476 F.3d 1181, 1186 (11th Cir. 2007). "[I]f an offense requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment." *Id.* "Specifically, we need not examine the facts alleged in the indictment to support the counts nor the 'practical significance' of the theories alleged for each count."[4] *Id.*; *see also United States v. Adams*, 1 F.3d 1566, 1574 (11th Cir. 1993) ("[T]he Blockburger test is to be applied to the statutory elements underlying each indictment, or count, not to the averments that go beyond the statutory elements.").

---

[4] The *Hassoun* court noted that there were a few specific circumstances in which a court must look beyond the elements of the offenses for potential multiplicity problems, such as in a "continuing criminal enterprise" prosecution where a drug conspiracy is separately charged, or in cases where two counts are charged under the very same statutory provision. 476 F.3d at 1187.

Here, Count Two and Count Three each contain an element that the other does not. Namely, Count Two requires that the NFA firearm in question have been "transferred to [the Defendant] in contravention of Chapter 53 of Title 26" (*see* 26 U.S.C. § 5861(b)), whereas Count Three requires that the firearm have been "not registered to him in the National Firearms Registration and Transfer Record" (*see* 26 U.S.C. § 5861(d)). The Defendant argues that because Chapter 53 of Title 26 requires that a firearm be registered in the National Firearms Registration and Transfer Record ("NFRTR"), Count Two does not require proof of any fact not already shown by proving Count Three. Doc. 70 at 20. In the very next paragraph, however, the Defendant reveals the flaw in this argument: Count Two is alleged to be in violation of 26 U.S.C. § 5812, specifically, and not any other provision of Chapter 53 of Title 26. Doc. 33 at 2.

The requirements of 26 U.S.C. § 5812 are as follows:

"(a) Application

A firearm shall not be transferred unless (1) the transferor of the firearm has filed with the Secretary a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary; (2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form; (3) the transferee is identified in the application form in such manner as the Secretary may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; (4) the transferor of the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; (5) the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; and (6) the application form shows that the Secretary has approved the transfer and the registration of the firearm to

the transferee. Applications shall be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law."

The rest of that statute provides that a transferee shall not take possession of the firearm unless the Secretary has approved the transfer as set out above. 26 U.S.C. § 5812(b). Section 5841, on the other hand—which is the statute that Count Three cites—deals only with the NFRTR and registration requirements. Specifically, 26 U.S.C. § 5841(b) and (c) require transferors to register transferred firearms on the NFRTR. Section 5841 does not address the tax or application process, unlike § 5812.

It is clear from the above that the violation alleged in Count Two (which cites § 5812) differs from the violation alleged in Count Three (which cites § 5841). The former pertains to the Defendant's possession of a firearm that was transferred to him without an approved written application and proof of tax payment, while the latter pertains to his possession of a firearm that was not registered to him in the NFRTR. To the extent that the Defendant seeks a bill-of-particulars-type clarification as to Count Two, the United States stipulates that the unlawful act involves the application and tax payment requirements set forth in 26 U.S.C. § 5812. In any event, though, Count Two requires that an act of transfer have been completed, while Count Three requires only possession.

This case is not dissimilar to that of *United States v. Arrington*, 618 F.2d

1119, 1126 (5th Cir. 1980).[5] There, the defendant was convicted under both 26 U.S.C. § 5861(d) and (i).[6] *Id.* at 1126. On appeal, he claimed that charging both possession of an unregistered firearm and also possession of a firearm without a serial number was multiplicitous, as a firearm without a serial number cannot be registered. *Id.* The court rejected his claim, finding that "[e]ach subsection required proof of facts that the other did not, and therefore constituted an offense different from the other." *Id.* Just as the Eleventh Circuit would later hold in *Hassoun*, the court did not push its inquiry any further by applying the facts to the statutes or examining the practical significance of the theories alleged. *See Hassoun*, 476 F.3d at 1186; *Arrington*, 618 F.2d at 1126; *accord United States v. Moran*, No. 86 CR 654, 1987 WL 5418, at *3 (N.D. Ill. Jan. 2, 1987) ("Clearly different concerns are expressed by the proscriptions of the two alleged statutory violations, and distinct elements of proof are necessary to obtain a conviction. For example, not every unregistered firearm will not have a serial number, and perhaps a firearm with an expunged serial number will be nonetheless registered.").

The same was true in *United States v. Marshall*, No. 07-20569-CR, 2010 WL 5169816 (S.D. Fla. Dec. 14, 2010). In that case, the defendant had been convicted

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.
[6] 26 U.S.C. § 5861(i) makes it unlawful "to receive or possess a firearm which is not identified by a serial number as required by this chapter."

of violations of 26 U.S.C. § 5861(d), (f)[7] and (i). The court held that nothing precluded the Government from charging the defendant with several violations of 26 U.S.C. § 5861, even though they stem from the same act or transaction. *See id.* at *3-4. As in *Arrington*, the *Marshall* court applied the *Blockburger* test and found that all of the charged offenses contained at least one element that was not contained in the others. *See id.* at *4.

*United States v. Kuzma*, 967 F.3d 959 (9th Cir. 2020), is also instructive. In *Kuzma*, the defendant, who had been convicted of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d), successfully argued on appeal that his convictions were multiplicitous because § 922(o) was a lesser included offense of § 5861(d). *See id.* at 976-77. But, there, the elements of § 922(o) were knowing possession and knowledge of the machinegun's essential characteristics. *See id.* at 977. The § 5861(d) charge simply added an element concerning the lack of registration. *Id.* Here, however, the § 5861(b) count adds numerous other requirements through reference to § 5812, which are not contained in § 5861(d). And, the § 5861(d) count adds requirements through reference to § 5841, which are not contained in § 5861(b). Count Two also alleges possession after an unlawful *transfer*, whereas Count Three alleges mere *possession* without proper registration. It is possible for someone to possess a firearm without having properly registered it, without there

---

[7] 26 U.S.C. § 5861(f) makes it unlawful "to make a firearm in violation of the provisions of this chapter."

ever having been a transfer (such as someone who fabricates their own silencer or machinegun). Although applying the facts to the charges here shows that there was indeed a transfer in the Defendant's case, the Court does not need to examine the facts to determine if Counts Two and Three are multiplicitous. *See Hassoun*, 476 F.3d at 1186.

## IV.  Conclusion

For all of the foregoing reasons, the Court should deny the Defendant's motion. The United States further submits that no hearing is necessary given the claims raised and the ability of the pleadings to resolve the Court's questions. *See* Rule 3.01(j), Local Rules, United States District Court, Middle District of Florida.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:  */s/ Patrick D. Scruggs*
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Suite 3200
Tampa, Florida   33602
Telephone:     (813) 274-6000
E-mail: patrick.scruggs@usdoj.gov

U.S. v. Muhammed Al-Azhari       Case No. 8:20-cr-206-T-60AEP

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Samuel Landes, Esq.

/s/ *Patrick D. Scruggs*
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Ste. 3200
Tampa, Florida  33602
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6125
E-mail:  patrick.scruggs@usdoj.gov