UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                  CASE NO. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The United States of America files this response in opposition to the motion of the Defendant, Muhammed Momtaz Al-Azhari, for a bill of particulars (Doc. 72).

## MEMORANDUM OF LAW

The Defendant's motion is an improper attempt to obtain a detailed exposition of the evidence and to explain legal theories to be offered at trial, and the Court should deny it as such. Furthermore, the Defendant already has access to the facts sought and will have access to discovery in this case.

On May 26, 2020, and the Defendant was federally arrested pursuant to a criminal complaint. On June 23, 2020, a grand jury returned an indictment charging the Defendant with violations of 18 U.S.C. § 2339B and 26 U.S.C. § 5861(b) and (d). The Court issued its pretrial discovery order on July 7, 2020, and the United States is in the process of producing discovery on a rolling basis.

Due to the complexity of the case, as well as the needs to invoke the Classified Information Procedures Act ("CIPA"), the discovery and inspection process may not be completed until later this year.

I. **The Defendant seeks a detailed exposition of the evidence and to explain legal theories to be offered at trial**

The threefold purpose of a bill of particulars is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quotation marks omitted). Generalized discovery is not the proper function of a bill of particulars. *United States v. Warren,* 772 F.2d 827, 837 (11th Cir. 1985). A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Likewise, it "may not be used to compel the government to provide the essential facts regarding the existence and formulation of a conspiracy" or require the government to identify all overt acts that may be proven at trial. *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986).

What is more, "a defendant is not entitled to a bill of particulars with respect to information which is already available through other sources." *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quotation marks omitted).

The danger of surprise at trial is mitigated "if the Government provides full discovery to the defense." *See United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984). "To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule," which does not authorize the discovery or inspection of certain evidence. *Anderson*, 799 F.2d at 1442.

An indictment, meanwhile, need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment that tracks the language of the statute satisfies this requirement if it includes the elements of the offense and a statement of the facts sufficient to inform the defendant of the offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998); *United States v. Ramos*, 666 F.2d 469, 475 (11th Cir. 1982).

The Defendant argues that he is not sufficiently apprised of what he must defend against with respect to the term "services" in the indictment. Doc. 72 at 3. He grounds his motion in a claimed desire to minimize surprise at trial and adequately prepare a defense. *Id.* at 3-5. At the end of the motion, the Defendant also briefly contends that he is so unaware of the charges against him that he could not plead double jeopardy in the event of a later prosecution for the same offense. *See Anderson*, 799 F.2d at 1441.

In reality, the Defendant seeks a detailed exposition of the Government's evidence as to his attempted crime of terrorism and the theories that it will offer at

3

trial. *See Rosenthal*, 793 F.2d at 1227; *Burgin*, 621 F.2d at 1359. He appears to ask that the United States do the work of distilling and collating its evidence, spelling out what specific services he provided. This amounts to a request for generalized discovery. *See Warren,* 772 F.2d at 837. The Defendant will be provided extensive discovery in this case. That discovery will contain everything that he needs with regards to the Government's theory of prosecution as to the 18 U.S.C. § 2339B offense, including, among other items, recordings, videos, photos, digital evidence, phone records, surveillance records, and interview reports. Simply because the discovery will be relatively voluminous does not mean that he is incapable of preparing his defense for trial. *See Martell*, 906 F.2d at 558. He will be provided full discovery and will have sufficient time to review the materials and find the answers he seeks before trial. *See Mitchell*, 744 F.2d at 705. A bill of particulars is not an appropriate mechanism for achieving this end.

18 U.S.C. § 2339A(b)(1) defines the term "material support or resources" as follows:

> "The term 'material support or resources' means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials."

By its own terms, the list of property or services that may constitute "material support or resources" is non-exhaustive. Here, the indictment alleges that the

Defendant "knowingly attempted to provide material support and resources, namely personnel (including himself) and services" to the Islamic State of Iraq and al-Sham ("ISIS"). Doc. 33 at 1. The indictment, therefore, specifies what type of "material support or resources" that the Defendant allegedly provided. *See United States v. Hashmi*, No. 06 CRIM. 442 (LAP), 2009 WL 4042841, at *12 (S.D.N.Y. Nov. 18, 2009) (allegations that defendant provided "currency" and "military gear" were sufficient to apprise him of specific acts of which he was accused). Yet, the Defendant requests more than that, demanding a bill of particulars as to what other "services" he attempted to provide to ISIS. As he did in his earlier motions challenging the sufficiency of probable cause as to the complaint (Doc. 19, 27, 29), the Defendant again brings up the limitation on the term "personnel" under 18 U.S.C. § 2339B(h) as the reason why he needs that specificity. Doc. 72 at 3-4.

However, a bill of particulars is not the proper procedural vehicle for pursuing what amounts to a constitutional claim prior to trial. *See United States v. Nagi*, 254 F.Supp.3d 548, 563 (W.D.N.Y. 2017). The Defendant has not shown how his ability to prepare for trial will depend on the requested particularization; instead, he suggests that having such information will allow him to keep pursuing his challenges based on § 2339B(h). Doc. 72 at 3-4. The Court should not let him use a bill of particulars for that purpose. *See Nagi*, 254 F.Supp.3d at 563-64. Any

arguments that he wishes to make with regard to the sufficiency of the evidence due to § 2339B(h) can be made during and after trial, or on appeal. *See id.*

## II. The complaint affidavit and discovery can, and will, answer the Defendant's questions

As the Defendant notes in his motion, "a defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *Rosenthal*, 793 F.2d at 1227). "Even where an indictment is deficient, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *United States v. Ahmed*, 94 F. Supp. 3d 394, 435 (E.D.N.Y. 2015) (citation and internal quotation marks omitted).

The Defendant was initially charged by criminal complaint, which was accompanied by a 62-page supporting affidavit. Doc. 5. Defense counsel conducted a preliminary hearing involving the affiant as well. Doc. 13. As a result, much of the key evidence against the Defendant has already been disclosed to him, and defense counsel has already sought to challenge and defend against the Government's case. The Defendant effectively concedes as much, noting that "[a]t this stage, at least, Mr. Alazhari is or likely will be sufficiently apprised of the historical facts the Government intends to prove." Doc. 72 at 3. The only question, then, is whether the lack of more details in the indictment as to the term

"services" somehow prevents him from preparing his defense, would lead to surprise at trial, or impedes him from pleading double jeopardy in the event of a later prosecution for the same offense. *See Anderson*, 799 F.2d at 1441. The United States submits that it does none of those things.

The facts set forth in the complaint suggest three different ways in which the Defendant attempt to provide material support or resources to ISIS. These include: a) personnel in the form of himself; b) personnel through his recruitment of CHS-1; and c) services in the form of an attack on behalf of ISIS, which was meant to further its terroristic goals. A timeline of key events leading up to the Defendant's arrest, including his own statements and actions, is laid out in the complaint. Based on what has been disclosed thus far—not to mention what will be produced in discovery—the Defendant can prepare for trial and know that the United States will not surprise him during opening statements with a completely new theory of prosecution. *See United States v. Thomas*, No. 15-171, 2016 WL 3148204, at *1 (E.D. Pa. June 2, 2016) ("Defendant's Motion does not address the Criminal Complaint and accompanying affidavit…extensively specifying Defendant's alleged conduct, including purchasing a plane ticket to Barcelona, researching buses from Barcelona to Istanbul, and engaging in communications suggesting an intent to engage in suicide bombing."); *cf. United States v. Assi*, 414 F.Supp.2d 707, 718 (E.D. Mich. 2006) ("While an individual who offers his legitimate services or expertise to an FTO or one of its members in aid of a

wholly lawful objective might harbor some doubt as to whether he thereby provides 'personnel' or 'training'…an individual who furnishes weaponry or equipment with clear military applications can claim no such uncertainty as to whether he has provided "material support" to an FTO within the meaning of § 2339B.") (internal citation omitted). The facts adduced so far show that the Defendant acquired weapons and other gear, pledged his allegiance to ISIS, rehearsed carrying out an attack, surveilled potential targets, and attempted to indoctrinate CHS-1 to help him provide material support to ISIS. Even at this stage, the Defendant can understand what alleged conduct underpins Count One.

As for the Defendant's double jeopardy concerns, there is no need to order a bill of particulars to address them. Contrary to his claim, if the Defendant is convicted or acquitted at trial, the Government cannot simply present a "new theory" of prosecution for the same conduct, occurring in the same place, over the same period of time. *See Sanabria v. United States*, 437 U.S. 54, 71-73 (1978); *Saylor v. Cornelius*, 845 F.2d 1401, 1403 (6th Cir. 1988); *see also Burks v. United States*, 437 U.S. 1, 11 (1978) ("The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding."); *Brown v. Ohio*, 432 U.S. 161, 169 (1977) ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."). The same is

true if the Defendant decides to plead guilty. *See Thomas*, 2016 WL 3148204, at *2 ("Defendant has offered no reason why a specific memorialized plea agreement could not further assuage her concerns should she choose to plead guilty."). It is not as though clarification of the term "services" is somehow needed to let the Defendant know if jeopardy has attached to his alleged conduct. There is simply no reason to believe that the Defendant will be unable to establish double jeopardy in the future if a bill of particulars is not now ordered.

### III. Conclusion

For all of the foregoing reasons, the Court should deny the Defendant's motion.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:    */s/ Patrick D. Scruggs*
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Suite 3200
Tampa, Florida   33602
Telephone:      (813) 274-6000
E-mail: patrick.scruggs@usdoj.gov

**U.S. v. Muhammed Al-Azhari**          Case No. 8:20-cr-206-T-60AEP

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Samuel Landes, Esq.

*/s/ Patrick D. Scruggs*
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Ste. 3200
Tampa, Florida   33602
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6125
E-mail:  patrick.scruggs@usdoj.gov
