UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ ALAZHARI
_____/

### MOTION FOR LEAVE TO FILE REPLIES TO THE GOVERNMENT'S RESPONSES IN OPPOSITION TO THE DEFENSE MOTIONS TO DISMISS AND FOR A BILL OF PARTICULARS

**NOW COMES** Defendant, Muhammed Momtaz Alazhari, by and through undersigned counsel, and moves this Court for leave to file limited replies to the Government's responses in opposition to his motions to dismiss and for a bill of particulars.

### MEMORANDUM OF LAW

Mr. Alazhari has filed three motions pertinent to this motion: a motion to dismiss the indictment for failure to state an offense and multiplicity (Doc. 70), a motion to dismiss raising constitutional objections (Doc. 71), and a motion for a bill of particulars (Doc. 72). In his memoranda of law included with each motion, he anticipated certain Government arguments in opposition to his motions, and provided counterarguments. The Government responded to each motion. (Doc.

89-91). As to some issues, the Government's arguments are materially the same as the arguments anticipated by the Defense. Thus, as to those issues, the Court has both parties' positions, and any reply would run the risk of being repetitive or redundant. As to other issues, however, the Government made new arguments or assertions not anticipated by the Defense.

This Court should grant Mr. Alazhari leave to file limited replies to the Government's responses in opposition, on those issues not already covered by his initial memoranda of law. A party may not file a reply without leave of court. Local R. 3.01(c). A motion requesting leave to do so must specify the length of the proposed filing. Local R. 3.01(d). Here, this Court should grant Mr. Alazhari leave to file replies limited to the following issues:

    1. In response to Mr. Alazhari's argument that Count Two and Count Three are multiplicitous, the Government argues that only the statutory elements of the offenses can be consulted, not the language of the indictment. However, the Government also argues that the statutory citation used in the indictment limits the scope of Count Two,

and offers to stipulate to a narrower breadth of the statute in question. (Doc. 89, pp. 13-15). Further, the Government suggests that the two counts can be distinguished on the grounds that Count Two requires proof of a transfer, while Count Three permits conviction for "mere possession," but does not discuss the indictment's allegation that Mr. Alazhari also "received" the silencer at issue. (Doc. 89, p. 17). Each of these arguments is new, and not discussed in Mr. Alazhari's memorandum of law. This Court should grant Mr. Alazhari leave to file a reply of approximately five pages to answer these arguments. Mr. Alazhari does not request leave to reply to the issues raised by his motion relating to the failure to state an offense.

2. In response to one of Mr. Alazhari's constitutional objections, the Government asserts that Congress has authority to prohibit the conduct covered by Count One *without* any enumeration of such a power in the Constitution. (Doc. 90, pp. 4-5). This novel argument, which cuts against certain bedrock constitutional principles, apparently has its origin in a 1936 Supreme Court case, and is undeveloped in the law.

3

This Court should permit Mr. Alazhari to reply to this new argument, unaddressed in his initial memorandum.

Additionally, the Government argues that, even if material support for terrorism is not an offense under the law of nations, the precise acts committed by Mr. Alazhari are offenses against the law of nations. (Doc. 90, pp. 5-7). Mr. Alazhari would discuss the application of an opinion of the Court of Appeals for the District of Columbia Circuit authored by then-Judge Kavanaugh, which draws a distinction between the Government's evidence and the Government's charge in an analogous circumstance. Mr. Alazhari requests approximately eight pages to deal with these complex issues, and does not request leave to reply to the Government's arguments related to other constitutional bases for Count One, Mr. Alazhari's vagueness challenge to Count One, or any of his constitutional objections to Count Two or Count Three.

3. In the course of opposing Mr. Alazhari's motion for a bill of particulars stating the "services" he is alleged to have attempted to provide, the Government writes:

> The facts set forth in the complaint suggest three different ways in which the Defendant attempt

4

> [sic] to provide material support or resources to ISIS. These include: a) personnel in the form of himself; b) personnel through his recruitment of [an informant]; and c) services in the form of an attack on behalf of ISIS, which was meant to further its terroristic goals.

(Doc. 91, p. 6). This Court should allow Mr. Alazhari approximately four pages in reply to discuss the effect of this statement in a motion memorandum, as opposed to in a bill of particulars, and to discuss the effect of it being phrased as merely one suggested reading of the complaint affidavit instead of an allegation in a bill of particulars.

**WHEREFORE** Defendant, Mr. Alazhari, prays this Court will grant him leave to file limited replies to the Government's motion responses.

DATED this 22nd day of October 2020.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s* ***Samuel E. Landes***
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700

5

> Tampa, Florida 33602
> Telephone:(813) 228-2715
> Facsimile: (813) 228-2562
> Email: Samuel_Landes@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd of October 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs.

> /s *Samuel E. Landes*
> Samuel E. Landes
> Assistant Federal Defender