UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ ALAZHARI
_____/

### Reply to Government's Response in Opposition to the Defense Motion for a Bill of Particulars

Count One alleges that Mr. Alazhari attempted to provide "personnel (including himself) and services" to a foreign terrorist organization. (Doc. 33). Mr. Alazhari moved the Court to order the Government to file a bill of particulars stating the "services" Mr. Alazhari is alleged to have attempted to provide. (Doc. 72). The Government responded in opposition. (Doc. 91). In the course of opposing having to allege what services Mr. Alazhari attempted to provide, the Government wrote:

> The facts set forth in the complaint <u>suggest</u> three different ways in which the Defendant attempt [sic] to provide material support or resources to ISIS. These include: a) personnel in the form of himself; b) personnel through his recruitment of [an informant]; and c) services in the form of an attack on behalf of ISIS, which was meant to further its terroristic goals.

(Doc. 91, p. 6) (emphasis added). This Court granted Mr. Alazhari leave to file a reply on this issue. (Doc. 101).

The Government's response underscores Mr. Alazhari's need for a bill of particulars to avoid surprise at trial and prepare his defense. This statement by the Government – set forth in a memorandum of law opposing a bill of particulars on this very subject – fails to apprise Mr. Alazhari of the charge against him. That the facts set forth in the complaint "suggest" a theory of "services" is insufficient to minimize surprise or allow Mr. Alazhari to adequately prepare for

trial.  The Government could change its theory at any time before trial, adding or subtracting from its theory of what services Mr. Alazhari attempted to provide, resulting in surprise at trial and an ever-shifting defense to be prepared.

Importantly, the *effect* of a bill of particulars, as opposed to that of a vaguely worded comment in a memorandum of law, is to confine the Government to the facts alleged in the bill of particulars.  *See United States v. Rivero*, 532 F.2d 450, 457 (5th Cir. 1976); Wright and Miller, 1 Fed. Prac. & Proc. Crim. (4th ed.) § 130 (collecting cases).  While confining the Government's theory is not a *purpose* of a bill of particulars, that effect serves the proper purposes of a bill of particulars, such as avoiding surprise and allowing adequate preparation of a defense.  *See United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973) (citation omitted).  Having "suggested" its position on the record already, the Government can hardly be prejudiced by being required to allege that position in a bill of particulars, especially because the Government enjoys broad discretion to amend a bill of particulars before trial.  *See United States v. Johnson*, 575 F.2d 1347, 1357 (5th Cir. 1978) (citing *Perez*, 489 F.2d at 70).  Indeed, separate from the danger of surprise that comes from the vague language of the indictment, Mr. Alazhari is now in danger of being *affirmatively misled* by the Government's statement, should the Government seek to change its position.  Accordingly, this Court should grant Mr. Alazhari's motion for a bill of particulars.

DATED this 6th day of November 2020.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s Samuel E. Landes*
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:   (813) 228-2715
Facsimile:   (813) 228-2562
Email:  Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th of November 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs.

*/s Samuel E. Landes*
Samuel E. Landes
Assistant Federal Defender