UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ ALAZHARI
_____/

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENSE MOTION TO DISMISS FOR MULTIPLICITY

Count Two and Count Three charge Mr. Alazhari with purportedly separate violations of the National Firearms Act (NFA) for his conduct on a particular date, May 24, 2020, related to a single silencer, identified by serial number.  (Doc. 33).  Count Two alleges that Mr. Alazhari "received and possessed" the silencer, and that it was "transferred to him in contravention of Chapter 53 of Title 26," i.e., the NFA.  Count Three alleges that Mr. Alazhari "received and possessed" the silencer, and that it was "not registered to him in the National Firearms Registration and Transfer Record" (NFRTR).  Mr. Alazhari moved to dismiss one of these counts, arguing that proof of Count Three necessarily proves Count Two.  (Doc. 70).  The Government responded in opposition (Doc. 89), and this Court granted Mr. Alazhari leave to file a reply on this issue (Doc. 101).

The parties are in agreement on certain principles, including (1) that each count addresses a single act or transaction, and (2) that the *Blockburger* test is dispositive.  Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  "In other words, does a scenario exist where the hypothetical defendant might violate one section without violating the other?" *United States v. Hassoun*, 476 F.3d 1181,

1189 (11th Cir. 2007).

The Government makes essentially two efforts to distinguish Count Two and Count Three under *Blockburger*. First, the Government takes pains to point out that the *Blockburger* test looks to the elements of the two offenses in the abstract, and does not look to the factual averments that support the elements or their practical significance. (Doc. 89, p. 13 (citing *Hassoun*, 476 F.3d at 1186; *United States v. Adams*, 1 F.3d 1566, 1574 (11th Cir. 1993)). Surely this is true, but it does not aid the Government.

- The provision on which Count Two is based provides, "It shall be unlawful for any person . . . to receive or possess a firearm transferred to him in violation of the provisions of this chapter . . . ." 26 U.S.C. § 5861(b). The "chapter" at issue is Chapter 53 of Title 26, i.e., the NFA. *See* 26 U.S.C. § 5849.

- The provision on which Count Three is based provides, "It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the [NFRTR] . . . ." 26 U.S.C. § 5861(d). The provisions requiring the registration of a firearm, and that it be registered before it is transferred, are located in Chapter 53 of title 26. *See* 26 U.S.C. §§ 5812, 5841. Thus, any person who receives or possesses an unregistered firearm has necessarily done so in violation of Chapter 53 of Title 26.

Accordingly, when a single occurrence of receipt or possession of a single firearm is at issue, no scenario exists where a violation of § 5861(d) is not also a violation of § 5861(b). *See Hassoun*, 476 F.3d at 1189.

Having urged an elements-only approach in one breath, the Government in the next breath urges the Court to look to the particular language of the indictment's allegations. That is, while the statutory elements of § 5861(b) apply to the NFA generally, the indictment's statutory citation in Count Two lists only § 5812. (Doc. 89, pp. 14-15). But this approach violates the "elements-only" analysis provided by *Hassoun*. Section 5861(b) applies to all receipts and

2

possessions of firearms transferred in violation of "this chapter." The statute could have read, instead, "section 5812 of this chapter," but does not. Section 5812 does not define a stand-alone offense. The Government's indictment does not allege that the receipt or possession was in violation of § 5812, it expressly alleges that it was in "contravention of Chapter 53 of Title 26." The Government's offer to "stipulate" to a narrower scope of § 5861(b) is baseless. (*See* Doc. 89, p. 15). The Government cannot stipulate away the intended scope of a statute passed by Congress or the language of its own indictment.

In any event, even if the Court were to construe Count Two as only referring to § 5812 specifically and not Chapter 53 generally, the Government's multiple counts fail the *Blockburger* test. Section 5812 requires the registration of the firearm. 26 U.S.C. § 5812(a)(1), (6). And, under § 5812, "[t]he transferee of a firearm shall not take possession of the firearm unless the Secretary has approved the transfer *and registration* of the firearm to the transferee as required by subsection (a) of this section." 26 U.S.C. § 5812(b) (emphasis added). Thus, there is no scenario where a hypothetical defendant could violate § 5861(d) without *also* violating § 5812.

Second, the Government attempts to draw a distinction between "transfer" and "mere possession." The Government writes,

> Count Two also alleges possession after an unlawful *transfer*, whereas Count Three alleges mere *possession* without proper registration. It is possible for someone to possess a firearm without having properly registered it, without there ever having been a transfer (such as someone who fabricates their own silencer or machinegun). Although applying the facts to the charges here shows that there was indeed a transfer in the Defendant's case, the Court does not need to examine the facts to determine if Counts Two and Three are multiplicitous. *See Hassoun*, 476 F.3d at 1186.

(Doc. 89, pp. 17-18).

3

Indeed, *if* Count Three alleged "mere possession," being in possession may be distinct from being a transferee. As the Government says, a mere possessor could have come into possession of the firearm because he made it. *See Ball v. United States*, 470 U.S. 856, 862 n.9 (1985). But § 5861(d) is not limited to "mere possession," as the Government says in its response. The statute makes it unlawful "to *receive* or possess" an unregistered firearm. 26 U.S.C. § 5861(d) (emphasis added). And, the Government has elected to pursue both of these alternative theories in Count Three. (Doc. 33). The Government cannot possibly conceive of a hypothetical scenario in which a defendant has "received" a firearm (as in Count Three) that was not "transferred to him" (as in Count Two). *See* 26 U.S.C. § 5845(j) ("The term 'transfer' and the various derivatives of such word, shall include selling, assigning, pledging, leasing, loaning, giving away, or otherwise disposing of."). Thus, proof of Count Three necessarily proves Count Two. This Court should dismiss one of the counts. *See Ball*, 470 U.S. at 864.

DATED this 6th day of November 2020.

    Respectfully submitted,

    JAMES T. SKUTHAN
    ACTING FEDERAL DEFENDER

    */s **Samuel E. Landes***
    Samuel E. Landes
    D.C. Bar No. 1552625
    Assistant Federal Defender
    400 North Tampa Street
    Suite 2700
    Tampa, Florida 33602
    Telephone:   (813) 228-2715
    Facsimile:   (813) 228-2562
    Email:  Samuel_Landes@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th of November 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs.

/s *Samuel E. Landes*
Samuel E. Landes
Assistant Federal Defender