## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S "MOTION TO DISMISS INDICTMENT AS BASED ON UNCONSTITUTIONAL STATUTES"

This matter is before the Court on Defendant's "Motion to Dismiss Indictment as Based on Unconstitutional Statutes," filed by counsel on August 31, 2020. (Doc. 71). On October 5, 2020, the United States filed a response in opposition. (Doc. 90). On November 6, 2020, Defendant filed a reply. (Doc. 104). Upon review of the motion, response, reply, court file, and the record, the Court finds as follows:

## Background

Defendant Muhammed Momtaz Al-Azhari has been charged with attempting to provide material support or resources to a designated foreign terrorist organization ("FTO"), in violation of 18 U.S.C. § 2339B. According to the allegations of the complaint, Defendant – a 23-year old American citizen – acquired weapons and other equipment (including a military-style bullet-proof vest, laser pointer, GPS tracking device, camera drone, backpack with charging cable, and face mask, as well as car fuel trap solvent filter which can be used to make silencers) for the purpose of carrying out attacks on individuals in this community in support of the foreign terrorist organization known as the Islamic State of Iraq and al-Sham ("ISIS"). In his

interactions with an FBI confidential source, Defendant allegedly expressed his hatred of the United States, his support of ISIS, and his admiration for Omar Mateen, the individual who carried out the Pulse nightclub shootings in Orlando, Florida, in 2018. He also allegedly consumed ISIS propaganda and made statements including "I want to join ISIS" and "I am ISIS" on several different occasions.

Defendant was observed by law enforcement driving to various sites, including the Pulse nightclub in Orlando, the FBI field office in Tampa, and Honeymoon Island in Pinellas County. According to the FBI agent affidavit supporting the complaint and testimony at the detention hearing, Defendant's visits to these sites, acquisition of weapons, and other conduct, along with his statements, are consistent with an extremist ideology that encourages "lone-wolf terrorist attacks against individuals in the United States."

Count One of the indictment charges that Defendant "knowingly attempted to provide material support and resources, namely personnel (including himself) and services, to a foreign terrorist organization [FTO] . . ." in violation of 18 U.S.C. § 2339B. Counts Two and Three of the indictment charge violations of the National Firearms Act ("NFA"). Defendant seeks to dismiss all counts charged in the indictment.

## Analysis

In his motion to dismiss the indictment, Defendant argues that Count One should be dismissed because (1) Congress lacks any enumerated power to enact § 2339B, facially and as applied to Defendant, and (2) § 2339B is void for vagueness as applied. Defendant further argues that Counts Two and Three should be dismissed

because (1) Congress lacks any enumerated power to criminalize Defendant's possession of a silencer since the NFA functions as a penalty rather than a tax, and (2) Defendant has a Second Amendment right to possess a silencer.

### *Count One*

<u>Enumerated Powers</u>

In his motion, Defendant argues that Count One should be dismissed because Congress lacks any enumerated power to enact § 2339B, facially and as applied to Defendant. In *United States v. Ahmed*, 94 F. Supp. 3d 394, 413-15 (E.D.N.Y. 2015), the district court upheld a prosecution under § 2339B against a challenge to Congress's enumerated powers. The Court finds the *Ahmed* court's analysis persuasive, and for the reasons articulated in *Ahmed*, that Congress validly enacted § 2339B as part of its inherent power to safeguard our nations' sovereignty and security, as well as pursuant to the Necessary and Proper Clause, the Define and Punish Clause, and the Treaty Clause. The motion to dismiss is denied as to this ground.

<u>Void for Vagueness</u>

Defendant also argues that § 2339B is void for vagueness as applied. Specifically, he asserts that as applied in this case, the term "personnel" is vague because the indictment contains no allegation that Defendant attempted to provide a person to work under the terrorist organization's direction or control. Defendant further argues that § 2339B grants too much enforcement discretion to the Government.

A statute is void for vagueness if it fails to provide fair notice of what conduct is prohibited or gives too much enforcement discretion to the government. *Holder v.*

*Humanitarian Law Project*, 561 U.S. 1, 18-20 (2010).  The indictment, which tracks

the language of the statute, provides sufficient notice to Defendant and is not void for

vagueness.  As the Court explained in its Order addressing Defendant's motion to

dismiss, because subsection (h) is a definition rather than an element, it need not be

pled in the indictment when alleging the providing of personnel.  Furthermore,

Defendant's contention that the statute is vague has been largely addressed by the

United States Supreme Court, which held the statutory terms at issue (including

"personnel" and "service") were not so vague as to violate due process.  *See*

*Humanitarian Law Project*, 561 U.S. at 21, 23-24.  Reviewing the indictment in this

specific case, as applied to Defendant, these terms are not vague.  The Government

has sufficiently alleged that Defendant "knowingly attempted to provide material

support and resources, namely personnel (including himself) and services" to ISIS in

violation of 18 U.S.C. § 2339B.

      The Court additionally finds that the statute is not void for vagueness because

it grants too much enforcement discretion to the Government. § 2339B satisfies due

process because "[i]t provides an exhaustive list of federal crimes for which a person

can be charged with for providing 'material support' – a term which courts have

consistently found to be clear and definite." *United States v. Abu Khatallah*, 151 F.

Supp. 3d 116, 141 (D.D.C. 2015) (addressing constitutionality of § 2339A).  As such,

"an objective standard exists for evaluating whether a person's conduct falls within the

prohibition of the material-support statute." *Id*.  The Government does not possess

limitless discretion because it is bound by provisions such as § 2339B(a)(1) and §

2339B(h), including the requirement that there be a connection between the personnel

and services provided and the FTO.  No relief is warranted upon these grounds.

***Counts Two and Three***

 <u>Enumerated Powers</u>

  In his motion, Defendant argues that Counts Two and Three should be dismissed because Congress lacks any enumerated power to criminalize Defendant's possession of a silencer since the NFA functions as a penalty rather than a tax. However, since Defendant has filed his motion, the Eleventh Circuit has upheld the constitutionality of the NFA, concluding that "[t]he National Firearms Act, and the criminal penalty for violating it, are grounded in Congress' power to tax." *United States v. Bolatete*, 977 F.3d 1022, 1031, 1033-34 (11th Cir. 2020).  The motion to dismiss is denied as to this ground.

 <u>Second Amendment</u>

  Defendant contends that Counts Two and Three should be dismissed because he has a Second Amendment right to possess a silencer.  The Second Amendment guarantees an individual right to bear arms, but that right is not unlimited. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  When considering a Second Amendment challenge, courts employ a two-step inquiry. *United States v. Focia*, 869 F.3d 1269, 1285 (11th Cir. 2017).  First, the reviewing court considers whether the restricted activity is within the scope of protection of the Second Amendment. *Id.*  If so, the court then applies "an appropriate form of means-end scrutiny." *Id.*

  The Court finds that a silencer is not a bearable arm within the meaning of the Second Amendment. *See Heller*, 554 U.S. at 581 (interpreting meaning of "Arms"); *United States v. Cox*, 906 F.3d 1170, 1186 (holding silencer does not merit Second

Amendment protection because it is an accessory rather than a bearable arm).

Neither the Supreme Court nor the Eleventh Circuit has directly addressed this issue.

*See Bolatete*, 977 F.3d at 1036 ("In fact, neither [this Court nor the Supreme Court]

has ever decided the preliminary question of whether silencers are "Arms" for Second

Amendment purposes.").  However, the Court finds the reasoning in *Cox* persuasive

and concludes that the NFA's prohibition on silencers is constitutional.  *See, e.g.*, *Cox*,

906 F.3d at 1186; *Bolatete*, 977 F.3d at 1036 (affirming conviction where defendant

raised for the first time in his appeal a claim that the NFA's application to silencers

violates the Second Amendment); "Eugene Volokh, *Implementing the Right to Keep

and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda*, 56

UCLA L. Rev. 1443, 1489 (2009).  As a result, the motion to dismiss is denied as to this

ground.

Accordingly, Defendant's "Motion to Dismiss Indictment as Based on

Unconstitutional Statutes" (Doc. 71) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of

December, 2020.

**TOM BARBER
UNITED STATES DISTRICT JUDGE**