# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE AND MULTIPLICITY"

This matter is before the Court on Defendant's "Motion to Dismiss for Failure to State an Offense and Multiplicity," filed by counsel on August 31, 2020. (Doc. 70). On October 5, 2020, the United States filed a response in opposition. (Doc. 89). On November 6, 2020, Defendant filed a reply. (Doc. 103). Upon review of the motion, response, reply, court file, and the record, the Court finds as follows:

### Background

Defendant Muhammed Momtaz Al-Azhari has been charged with attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. According to the allegations of the complaint, Defendant – a 23-year old American citizen – acquired weapons and other equipment (including a military-style bullet-proof vest, laser pointer, GPS tracking device, camera drone, backpack with charging cable, and face mask, as well as car fuel trap solvent filter which can be used to make silencers) for the purpose of carrying out attacks on individuals in this community in support of the foreign terrorist organization known as the Islamic State of Iraq and al-Sham ("ISIS"). In his

interactions with an FBI confidential source, Defendant allegedly expressed his hatred of the United States, his support of ISIS, and his admiration for Omar Mateen, the individual who carried out the Pulse nightclub shootings in Orlando, Florida, in 2018. He also allegedly consumed ISIS propaganda and made statements including "I want to join ISIS" and "I am ISIS" on several different occasions.

Defendant was observed by law enforcement driving to various sites, including the Pulse nightclub in Orlando, the FBI field office in Tampa, and Honeymoon Island in Pinellas County.  According to the FBI agent affidavit supporting the complaint and testimony at the detention hearing, Defendant's visits to these sites, acquisition of weapons, and other conduct, along with his statements, are consistent with an extremist ideology that encourages "lone-wolf terrorist attacks against individuals in the United States."

Count One of the indictment charges that Defendant "knowingly attempted to provide material support and resources, namely personnel (including himself) and services, to a foreign terrorist organization [FTO] . . ." in violation of 18 U.S.C. § 2339B.  Counts Two and Three of the indictment charge violations of the National Firearms Act ("NFA").  Defendant seeks to dismiss all counts charged in the indictment.

### **Legal Standard**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and . . . signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1).  A sufficient indictment "(1) presents the essential elements of

the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).

When reviewing a motion to dismiss an indictment, a court considers whether the Government has sufficiently alleged each of the elements of the offense charged and, taking the allegations as true, whether a criminal offense has been stated. *See, e.g.*, *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000). A district court's review is limited to the face of the indictment. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

## Analysis

In his motion to dismiss the indictment, Defendant argues that Count One fails to state an offense because it does not allege that Defendant attempted to place himself under the FTO's direction and control, which he contends is an essential fact required by 18 U.S.C. § 2339B(h). Defendant further argues that Counts Two and Three fail to state an offense because they do not allege Defendant's mens rea with respect to his non-compliance with the NFA, and because the counts are multiplicitous since proof of the elements of Count Three would necessarily prove the elements of Count Two. Most, and perhaps all, of the arguments Defendant asserts here have been rejected by other courts throughout the United States.

### *Count One*

Defendant argues that Count One of the indictment fails to allege facts required

by § 2339B(h).  Specifically, he contends that the indictment alleges that Defendant attempted to provide "personnel" to the FTO, but it fails to allege that Defendant attempted to provide himself or someone else to work under the direction and control of the FTO.

At least three district courts have considered this issue and have ruled that § 2339B(h) is a definition that is not required to be pled in the indictment. *See United States v. Ludke*, No. 16-CR-175, 2018 WL 2059556, at *2 (E.D. Wis. May 2, 2018); *United States v. Shafi*, 252 F. Supp. 3d 787, 795 (N.D. Cal. 2017); *United States v. Pugh*, No. 15-CR-116 (NGG), 2015 WL 9450598, at *8 (E.D.N.Y. Dec. 21, 2015). Another district court ruled that it is an affirmative defense, which does not need to be pled. *See United States v. Ahmed*, No. 15-49 (MJD/FLN), 2015 U.S. Dist. LEXIS 171561 (D. Minn. Sept. 1, 2015).  The Court is unaware of any binding or persuasive authority that would require the Government to plead § 2339B(h) as an element of the offense. As such, the motion to dismiss is denied as to this ground.

### *Counts Two and Three*

Mens Rea

In his motion, Defendant argues that Counts Two and Three should be dismissed because the counts fail to allege his mens rea with respect to the applicable regulatory requirement under the NFA.  He specifically contends that the Government is required to plead knowledge of specific non-compliance with the NFA – here, that he *knew* the firearm had been unlawfully transferred to him or that it was not registered to him – but failed to do so.

A defendant may be convicted under 26 U.S.C. § 5861(d) when it is proven that

he "knew of the features of his [weapon] that brought it within the scope of the [NFA]." *Staples v. United States*, 511 U.S. 600, 619 (1994). "It is not . . . necessary to prove that the defendant knew that his possession was unlawful, or that the firearm was unregistered." *Rogers v. United States*, 522 U.S. 252, 254 (1998); *see also United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009); *United States v. Miller*, 255 F.3d 1282, 1286 (11th Cir. 2001). In each count, the Government pleads that Defendant "knowingly" received and possessed the NFA firearm in question, followed by the relevant circumstances. This is enough to establish the elements of each offense; there is no need for the Government to allege that Defendant actually knew the firearm was subject to an approval process before transfer or that the firearm had to be registered under the Act. No relief is warranted upon this ground.

Multiplicity

Defendant argues that Counts Two and Three are multiplicitous because – where there is a single firearm transfer at issue – proving a violation of § 5861(b) does not require proof of any fact that would not already be required by proving a violation of § 5861(d). Defendant specifically contends that if the Government proves the § 5861(d) offense charged in Count Three (that Defendant received the silencer without it being registered to him), it will necessarily have proved the § 5861(b) offense charged in Count Two. Defendant asserts that because proof of Count Two does not require proof of any fact not already shown by proving Count Three, the two counts are therefore multiplicitous and one of them should be dismissed.

"[I]f an offense requires proof of an element that the other offense does not[,] [...] the prosecution of both offenses does not violate the Fifth Amendment." *United*

*States v. Hassoun*, 476 F.3d 1181, 1186 (11th Cir. 2007). In this case, Counts Two and Three each contain an element that the other does not – Count Two requires that the firearm have been transferred to Defendant in violation of Chapter 53 of Title 26 (without an approved written application and proof of tax payment), while Count Three requires that the firearm have not been registered in the National Firearms Registration and Transfer Record. Because each of the counts require proof of facts the other does not, the counts are not multiplicitous. *See, e.g.*, *United States v. Arrington*, 618 F.2d 1119, 1126 (5th Cir. 1980) (rejecting argument that charging both possession of an unregistered firearm and possession of a firearm without a serial number was multiplicitous); *United States v. Marshall*, No. 07-20569-CR, 2010 WL 5169816, at *3-4 (S.D. Fla. Dec. 14, 2010) (holding that, even though the charges stemmed from the same act or transaction, nothing precluded the Government from charging the defendant with several violations of 26 U.S.C. § 5861). As a result, no relief is warranted upon this ground.

Accordingly, Defendant's "Motion to Dismiss for Failure to State an Offense and Multiplicity" (Doc. 70) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**