UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-206-TPB-AEP

MUHAMMED MOMTAZ ALAZHARI

_____/

**UNOPPOSED MOTION FOR LEAVE TO FILE A SEALED, EX PARTE MEMORANDUM OF LAW RELATING TO THE CLASSIFIED INFORMATION PROCEDURES ACT**

NOW COMES Defendant, Muhammed Alazhari, by and through undersigned counsel, and moves this Court for leave to file a sealed, ex parte memorandum of law relating to the application of the Classified Information Procedures Act in this case.

**MEMORANDUM OF LAW**

The Government in this case intends to make use of the Classified Information Procedures Act (CIPA). Under CIPA's § 4, the next procedural step is for the Government to propose to the Court limitations on Defense discovery of classified information. That process happens entirely ex parte, so the Defense is unable to comment on the Government's proposed limitations or the substance of the classified information at issue.

CIPA § 4 will require the Court to examine the classified information in the Government's submission and apply various discovery standards to each item, determining whether the item is "relevant," "material," "favorable," or "helpful to

the defense," for example. Because that process happens ex parte, the Court would normally do so without the assistance of the Defense, the party best situated to explain why any given item might meet those standards. To alleviate some of the difficulties and unfairness associated with this process, the Defense has prepared a memorandum of law setting forth its theory of the defense, and applying CIPA's framework to that theory. Informed by knowledge of the planned defense, the Court would be better able to determine what is "helpful to the defense" (and what is not).

Of course, the Government is not entitled to know the Defense's theory of the case before trial, or any of defense counsel's other mental impressions contained in the memorandum of law. Accordingly, this Court should grant the Defense leave to file the memorandum ex parte and under seal, to keep the parties on more even footing. This procedure would mimic the CIPA § 4 procedure described by and approved of in *United States v. Amawi*, 695 F.3d 457, 469, 472 (6th Cir. 2012). In that case, the district court also held ex parte hearings with each party to discuss CIPA § 4, a procedure the Defense would welcome in this case.

The Government does not oppose the relief requested by this motion. Accordingly, this Court should grant Mr. Alazhari leave to file a sealed, ex parte memorandum of law relating to the application of CIPA.

DATED this 14th day of April 2021.

2

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

/s *Samuel E. Landes*
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
(813) 228-2715
Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th of April 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to AUSA Patrick Scruggs.

/s *Samuel E. Landes*
Samuel E. Landes
Assistant Federal Defender