UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:20-cr-206-TPB-AEP

MUHAMMED MOMTAZ ALAZHARI

_____/

### MOTION TO STRIKE LANGUAGE FROM THE INDICTMENT

**NOW COMES** Defendant, by and through undersigned counsel, and moves this Court to strike the words "and services" from Count One of the indictment.

### MEMORANDUM OF LAW

#### BACKGROUND

In Count One of the indictment, Mr. Alazhari is charged with attempting to provide material support to a designated foreign terrorist organization (FTO) under 18 U.S.C. § 2339B. The indictment alleges that Mr. Alazhari "knowingly attempted to provide material support and resources, namely personnel (including himself) *and services*, to a foreign terrorist organization, namely, the Islamic State of Iraq and al-Sham ('ISIS') . . . knowing that ISIS was a designated foreign terrorist organization and that ISIS has engaged and was engaging in terrorist activity and terrorism." (Doc. 33) (emphasis added).

Mr. Alazhari moved the Court to order the Government to file a bill of particulars alleging specifically the "services" Mr. Alazhari provided. (Doc. 72).

The Government opposed the motion, writing, "The facts set forth in the complaint suggest three different ways in which the Defendant attempt [sic] to provide material support or resources to ISIS. These include: a) personnel in the form of himself; b) personnel through his recruitment of [a "confidential human source"]; and c) services in the form of an attack on behalf of ISIS, which was meant to further its terroristic goals." (Doc. 91). This Court denied the motion. (Doc. 110).

**ARGUMENT**

This Court should strike the words "and services" for either of two reasons. Depending on how the Court interprets § 2339B, that language is either too imprecise or is surplusage. But the Court need not resolve the statutory interpretation issue now, because in either case the remedy is to strike the language from the indictment.

**I. The statutory list of possible forms of "material support or resources" may be exhaustive or non-exhaustive.**

The statute underlying Count One punishes "[w]hoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so . . . ." 18 U.S.C. § 2339B(a). Subsection (g) contains definitions of six terms, including "material support or resources," which definition merely cross-references the definition found in § 2339A. 18 U.S.C. § 2339B(g)(4). Section 2339A, in turn, provides:

> the term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials . . . .

18 U.S.C. § 2339A(b)(1). The same subsection provides further definitions for the terms "training" and "expert advice and assistance." 18 U.S.C. § 2339A(b)(2)-(3).

Returning to § 2339B, a subsection entitled "Provision of personnel" provides:

> No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operations of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h). While the statute's "direction and control" limitation on liability, by its own terms, applies only to the provision of "personnel," the Supreme Court has held that the "direction and control" limitation applies equally to the provision of "services." *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 23 (2010) (interpreting "service" to include the subsection (h) requirement, because "Congress

3

would not have prohibited under 'service' what is specifically exempted from prohibition under 'personnel.'").

Section 2339A's list of ways in which a person may provide "property" or "service[s]" ("lodging," "training," etc.) could be interpreted as exhaustive or non-exhaustive. That is, the rather lengthy statutory list of property or services may be the only property or services on which the Government may rely to prove a violation of § 2339B. Or, the list may be merely illustrative, allowing for other forms under the broad heading of "services." Because Mr. Alazhari is not alleged to have provided property, this motion focuses on "services."

A. <u>The case for an exhaustive reading.</u>

The argument in favor of reading § 2339A(b)(1) centers on the encompassing nature of the word "personnel" within the list, and the rule of lenity. Congress's inclusion of the word "personnel" in the list, along with Congress's limitation on that word's scope in § 2339B(h), effectively eliminates any possibility for the provision of a "service" that is not the provision of "personnel." Given those two terms' ordinary meanings, one can readily imagine a service that does not involve personnel, such as a service provided by an independent contractor. A person or company that mows the FTO's headquarters' lawn or cleans the facilities, or a lawyer who files an amicus brief on the FTO's behalf, would be said to provide the FTO with a "service," but would not be said to be the FTO's "personnel." *See United States v. Abu-Jihaad*, 600

4

F. Supp. 2d 362, 398-400 (D. Conn. 2009), *aff'd*, 630 F.3d 102 (2d Cir. 2010) (defining the term "personnel" before Congress amended § 2339B to add subsection (h)).

However, the Supreme Court has construed the term "service" to include a requirement that the service be performed under the FTO's "direction and control." *Humanitarian Law Project*, 561 U.S. at 23. Given this construction, there is no "service" that is not performed by the FTO's "personnel." The landscaper who mows the lawn or the janitor who cleans the bathrooms does not provide a "service" under *Humanitarian Law Project* unless he does so under the "direction and control" of the FTO – in which case he is the FTO's "personnel." With no difference in meaning between the term "service" and the term "personnel," the statute's list is exhaustive; the only form of "service" that qualifies is "personnel."

This view is bolstered by the rule of lenity. Given the ambiguity in the statute, the rule of lenity requires reading the statute narrowly, to counter due process concerns about fair notice of what is prohibited. *See United States v. Wright*, 607 F.3d 708, 716 (11th Cir. 2010) (Pryor, J., concurring). A narrow reading of the statute treats its list as exhaustive, thus reaching less conduct.

B.  The case for a non-exhaustive reading.

The Government apparently favors a non-exhaustive reading. (Doc. 91, p. 4). This view focuses on the ordinary meaning of the word "including" in the statute.

The statute defines "material support or resources" as "any property . . . or service, *including . . . personnel . . . .*" 18 U.S.C. § 2339A(b)(1) (emphasis added). The word "including" links "personnel" to "service," and makes "personnel" a subspecies of "service." *Cf. Stansell v. Revolutionary Armed Forces of Columbia*, 704 F.3d 910, 915 (11th Cir. 2013); *United States v. Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014). Had Congress intended to make the list exhaustive, it would have used limiting language. *See, e.g., United States v. Obando*, 891 F.3d 929, 933 (11th Cir. 2018) (interpreting a statutory list that is introduced with the phrase "includes only" to be exhaustive).

This Court need not resolve the statutory question. In either case, the "services" language should be struck from Count One.

**II. If the statutory list is exhaustive, the "services" language is surplusage.**

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." *Id*. at advisory committee notes. Surplusage may be prejudicial where it serves to "confuse the issues" or "blur the elements necessary for conviction." *See United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

Here, if § 2339A(b)(1)'s statutory list is exhaustive, the Government's allegation of "services" serves no purpose. The only form of services that could

support the charge is "personnel," and the Government has *also* alleged that Mr. Alazhari attempted to provide personnel. The Government's inclusion of "personnel (including himself) *and services*" is irrelevant and immaterial surplusage.

Further, the surplusage is prejudicial to Mr. Alazhari, because it tends to "confuse the issues" and "blur the elements necessary for conviction" under *Bullock*. Under the Supreme Court's interpretation of "service" in *Humanitarian Law Project*, any service that Mr. Alazhari could have provided is also a provision of "personnel" by him. If the exhaustive view is the correct one, the allegation that Mr. Alazhari conjunctively provided personnel and services misleadingly suggests to the jury that these are two separate concepts, blurring what showing is required to make a finding of guilt. Accordingly, under this view, this Court should strike the words "and services" from Count One as prejudicial surplusage.

### III. If the statutory list is non-exhaustive, Count One's "services" language fails to state an offense.

The indictment's conjunctive pleading allows the Government to prove the offense in the disjunctive, meaning that the jury could find that Mr. Alazhari provided services, but not personnel. *See United States v. Griffin*, 705 F.2d 434, 436 (11th Cir. 1983). Thus, the indictment's allegation that Mr. Alazhari provided "services" must state an offense on its own.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id*. (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

"Where the statutory definition contains generic terms, however, the indictment may not simply recite the generic terms but 'must state the species, it must descend to particulars.'" *United States v. Decidue*, 603 F.2d 535, 547 (5th Cir. 1979) (quoting *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)). For example, when a statute prohibits false pretenses or a failure to obey orders, the indictment must particularly allege the false pretenses used or orders disobeyed. *See id*. (citations omitted).

Here, the term "services" is broad and generic. Under the non-exhaustive view, the term encompasses services beyond "personnel," and so could refer to a tremendous amount of conduct. Because the term is generic, the Government was required to plead with specificity what "services" Mr. Alazhari allegedly attempted

to provide under *Decidue*. The Government having steadfastly and successfully resisted pleading the "services" provided in a bill of particulars, this portion of the indictment is now left insufficient.

Elsewhere, Mr. Alazhari attacked the entirety of Count One as failing to state an offense for its failure to allege that Mr. Alazhari attempted to operate under the FTO's direction and control. (Doc. 70). This Court denied that motion. (Doc. 111). Assuming for the sake of argument that Count One is sufficient in all other respects, including its failure to allege direction and control, only the "services" language is deficient. Accordingly, this Court should strike "and services" from the indictment.

DATED this 19th day of April 2021.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s* **Samuel E. Landes**
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Samuel_Landes@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th of April 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs.

                                        /s *Samuel E. Landes*
                                        Samuel E. Landes
                                        Assistant Federal Defender