UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:20-cr-206-T-60AEP

MUHAMMED MOMTAZ AL-AZHARI

**UNCLASSIFIED ORDER ON THE GOVERNMENT'S CLASSIFIED *IN CAMERA, EX PARTE* MEMORANDUM OF LAW AND MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTIONS 4 AND 8 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE RULE 16(d)(1)**[1]

On April 14, 2021, the United States filed its first classified *in camera, ex parte* memorandum of law and motion for an order pursuant to sections 4 and 8 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure (the "First CIPA Motion").[2]

In the First CIPA Motion, the United States seeks a protective order, pursuant to Section 4 of CIPA, 18 U.S.C. App. III, and Fed. R. Crim. P. 16(d)(1), authorizing the Government to withhold or "delete" from discovery certain classified materials that are both (a) not discoverable and (b) not relevant and helpful to the defense.

---

[1] This unclassified order will be placed on the public docket. A corresponding classified order will be placed under seal and made available to the United States through the Classified Information Security Officer ("CISO"). The classified order will also be made available for review by an appellate court, if necessary.

[2] The United States filed the First CIPA Motion *in camera, ex parte*, and under seal with the Court, as directed by the CISO. The Motion was not provided to the defendant or defense counsel, pursuant to CIPA Section 4 and Rule 16(d)(1). *See* 18 U.S.C. App. 3, § 4.

1

Having conducted a thorough *in camera, ex parte* review of the First CIPA Motion, including all exhibits, the record in this case, and pertinent legal authorities, pursuant to CIPA Sections 4 and 8 and Rule 16(d)(1), the Court finds that the United States has properly invoked the classified information privilege as to all of the subjects specified in the motion, and the Court has GRANTED the motion in its entirety. More specifically, in the corresponding classified order, the Court has granted the United States's request to delete certain information from discovery. In the classified order, the Court has found that the subject material is both (a) not discoverable and (b) not relevant and helpful to the defense, pursuant to *United States v. Yunis*, 867 F.2d 617, 620 (D.C. Cir. 1989), *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957), and related cases, and, therefore, authorizes its deletion. The Court further finds that none of this information must be disclosed by the United States (under any theory of discovery) and authorizes the United States to delete it from discovery.

Dated: September 13, 2021

ANTHONY E. PORCELLI
United States Magistrate Judge

2