UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                         Case No. 8:20-cr-206-TPB-AEP

MUHAMMED MOMTAZ ALAZHARI

_____/

### MEMORANDUM OF LAW RELATING TO THE STORED COMMUNICATIONS ACT

This Court held a hearing on Mr. Alazhari's application for a subpoena duces tecum, which requests records from an entity that provided him online services. The application requests any record of communications about Mr. Alazhari between the service and a particular third party. At the hearing, the Court asked the parties whether the Stored Communications Act (SCA) prevents the subpoena and, if so, what constitutional concerns would arise from such a conclusion. The Court ordered the parties to provide written filings on that subject. This is that filing.

This Court should issue the subpoena for three reasons. First, records of a service provider's own communications with others, as distinguished from a subscriber's communications, are not protected by the SCA. Second, to the extent the service provider's communications to the third party included Mr. Alazhari's SCA-protected communications or customer information, that material may be disclosed to Mr. Alazhari as a lawfully consenting originator, recipient, or subscriber under the SCA. Third, if the entity's communications contain embedded

communications of another subscriber, such material may be unprotected or exempted by the SCA, and is the proper subject of a motion for relief filed by the service provider.

**I.  The SCA does not regulate a service provider's own communications with others.**

Generally, the SCA prohibits the disclosure of customer information by two types of entities, "electronic communications services" and "remote computing services," with certain exceptions.  *See* 18 U.S.C. § 2702(a).  The SCA provides that "a person or entity providing an electronic communications service *to the public* shall not knowingly divulge to any person or entity the contents of a communication *while in electronic storage by that service*[.]"  18 U.S.C. § 2702(a)(1) (emphases added). Similarly, "a person or entity providing remote computing service *to the public* shall not knowingly divulge to any person or entity the contents of any communication *which is carried or maintained on that service*," except in certain circumstances.  *See* 18 U.S.C. § 2702(a)(2) (emphases added).  In addition to regulating the disclosure of the contents of customer communications, the SCA regulates the disclosure of non-content customer information:  "[A] provider of remote computing service or electronic communication service *to the public* shall not knowingly divulge a record or other information *pertaining to a subscriber to or customer of such service* . . . to any governmental entity."  18 U.S.C. § 2702(a)(3) (emphases added).  Congress enacted

2

the SCA to provide privacy protection to network account holders in excess of the protection provided by the Fourth Amendment. Orin Kerr, *A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1212 (2004).

Suppose Google, a provider of both electronic communication services and remote computing services to the public, sends an email to Apple, stating, "We look forward to civil but energetic competition with you in the next year." Put aside for the moment a scenario in which the entity communicates customer information, which will be discussed below. Although Google's email to Apple is likely maintained on its servers, the email is not covered by the SCA. The SCA regulates entities' services "to the public." Its prohibitions apply to communications "while in storage" or "maintained" on "*that service*." It is the service to the public that is regulated, not the service provider's own communications and data. The plain language and structure of the statute does not prevent an entity from disclosing its own communications with others. The SCA only regulates the communications of the entity's customers.

Only a hyper-literal reading of the statute would make it applicable to a service provider's own communications, and such a reading would frustrate the SCA's purposes and lead to absurd results. The SCA's purpose was to protect customers' privacy, not the service providers' privacy. To apply the SCA to a service provider's

3

own communications would be to say that Google could not share its email to Apple to generate goodwill, and that Apple could not disclose that it had received the email.  And, in the event of a bona fide SCA violation, the service provider could absurdly hide behind the SCA to prevent the exposure of its own SCA violation.  Accordingly, the SCA applies to customer communications and information, but not service providers' communications with others.

## II.  If the service provider's communications include Mr. Alazhari's communications or customer information, that material is exempted from the SCA.

Of course, the Court and the parties can foresee that the entity's communications with the third party could have contained or included Mr. Alazhari's communications or customer information.  For example, the service provider may have sent an email to the third party stating, "Today, Mr. Alazhari emailed his grandmother to wish her a happy birthday" or, "Today, Mr. Alazhari's grandmother emailed him to wish him a happy birthday."  Or, the service provider may have emailed the third party with non-content customer information, stating, "Mr. Alazhari's account number is 1234567."

In any of these examples, the information is subject to a statutory exception.  The SCA provides two sets of exceptions, depending on whether the information at issue is the contents of a customer communication or non-content customer information.  *See* 18 U.S.C. § 2702(b)-(c).  Under one exception, an entity may

4

disclose the content of communications "with the lawful consent of the originator or addressee or intended recipient of such communication, or the subscriber in the case of a remote computing service[.]"  18 U.S.C. § 2702(b)(3).  Under another exception, an entity may disclose non-content customer information "with the lawful consent of the customer or subscriber."  18 U.S.C. § 2702(c)(2).

In any scenario in which the provider's communications with the third party contain Mr. Alazhari's information, a subpoena sent by him to the provider would request exempted material.  In the example of the happy-birthday emails, which include content, the material would be disclosed with the lawful consent of the originator, intended recipient, or subscriber, under § 2702(b)(3).  In the example of the account-number email, which contains non-content customer information, the material would be disclosed with the lawful consent of the customer or subscriber, under § 2702(c)(2).  Any subpoena by Mr. Alazhari that calls for his own communications or information will always call for SCA-exempted material.  Importantly, this fact pattern alleviates any need for the Court or the service provider to make the sometimes-difficult determinations of whether the material is content or non-content, and whether the entity is acting as an electronic communications service or a remote computing service.  In any event, a subpoena sent by Mr. Alazhari calling for his own information is excepted from the SCA's prohibitions.

5

### III. If the material includes other subscribers' information, the service provider may move for relief.

It is at least conceivable that the service provider's records of its communications with the third party contain the SCA-protected information of subscribers other than Mr. Alazhari. For example, the provider could have sent a single email to the third party with multiple subjects. But this scenario seems unlikely, and could not be known to the Court or the parties without reviewing the material. Even if the records contained such material, it may still be excepted from the SCA. *See* 18 U.S.C. § 2702(c)(6) (allowing disclosure of non-content "to any person other than a governmental entity"). Accordingly, this possibility should not give the Court pause at the issuance phase. Once the subpoena issues, should the service provider believe the subpoena would require it to violate the SCA, it may move for relief. *See* Fed. R. Crim. P. 17(c)(2).

Accordingly, this Court should grant Mr. Alazhari's subpoena application.

DATED this 16th day of September 2021.

                                                  Respectfully submitted,

                                                  A. FITZGERALD HALL, ESQUIRE
                                                  FEDERAL DEFENDER

                                                  */s **Samuel E. Landes***
                                                  Samuel E. Landes, Esq.
                                                  D.C. Bar No. 1552625
                                                  Assistant Federal Defender
                                                  400 North Tampa Street

Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September 2021, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Patrick Scruggs, AUSA

/s *Samuel E. Landes*
Samuel E. Landes, Esq.