UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:20-cr-206-TPB-AEP

MUHAMMED MOMTAZ AL-AZHARI

**UNITED STATES' UNOPPOSED COMBINED MOTION FOR
HEARING PURSUANT TO 18 U.S.C. § 4241(d) AND
MOTION TO ARRANGE FOR TELEPHONIC/VIDEO TESTIMONY**

The United States of America moves the Court to 1) set a hearing pursuant to 18 U.S.C. § 4142(d) during the status conference now set for August 8, 2022, and 2) allow for the Defendant's evaluating psychologist and any other necessary witnesses from Federal Medical Center ("FMC") Butner to testify by telephone/video conferencing. Defense counsel does not object to either request. In support of the motion, the United States states as follows:

**MEMORANDUM OF LAW**

On November 24, 2021, the Defendant moved to appoint an expert to examine the Defendant and to determine his competency to be tried, pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). Doc. 214. The Court granted that motion (Doc. 215), and an expert subsequently prepared a report that found the Defendant not to be competent to proceed (Doc. 221). On January 13, 2022, the Court remanded the Defendant to the custody of the Bureau of Prisons ("BOP") to be evaluated and

1

restored to competency pursuant to 18 U.S.C. § 4241(d). Doc. 221.

The United States was informed that, on April 13, 2022, the Defendant was transported from local custody to the custody of the BOP at FMC Butner, for his evaluation and restoration.

On April 21, 2022, the Court held a status conference regarding the evaluation and restoration process. Doc. 243. The next status conference was then set for July 11, 2022.

The Court has since continued the hearing *sua sponte* to August 8, 2022, at 10:00 a.m. via Zoom. Doc. 250.

Per Section 4241(d)(1), the Attorney General/BOP may only hospitalize a defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. Based on the Defendant's transportation to BOP custody on April 13, 2022, the United States calculates that the initial four-month period will expire on or about August 11, 2022.

Per Section 4241(d)(2)(A), however, the Attorney General/BOP may continue to hospitalize and treat a defendant for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that, within such additional period of time, he will

2

attain the capacity to permit the proceedings to go forward.

The United States had planned to move the Court to schedule such a hearing under Section 4241(d)(2)(A) at the status conference that was scheduled for July 11, 2022. Now that the status conference is set for August 8, 2022—three days before the expiration of the initial four-month period under Section 4241(d)(1)—the United States files this motion to conduct the hearing as part of the status conference that day. This will ensure that the parties and the Court satisfy the timing and finding requirements of the statute.

At the hearing, the United States expects to present the testimony of Dr. Kris Lloyd, who is the Defendant's evaluating psychologist at FMC Butner. The United States anticipates that Dr. Lloyd will be able to inform the Court whether the Defendant's mental condition has improved, and whether there is a substantial probability that, within an additional period of time, he will attain the capacity to permit the proceedings to go forward.

Because FMC Butner is located in North Carolina, the United States requests that Dr. Lloyd, and any other necessary witnesses from FMC Butner, be allowed to testify at the hearing by telephone/video conferencing. As noted above, the status hearing is already set to be conducted via Zoom, which offers those features. Allowing Dr. Lloyd and any other necessary witnesses to testify by telephone/video conferencing will avoid the expenses and inconvenience of having them travel to the

Middle District of Florida for what will likely be a brief, relatively uncontested proceeding. The United States submits that this constitutes good cause to allow the testimony by telephone/video conferencing.

The Magistrate Judge has authority to conduct the requested hearing pursuant to 28 U.S.C. § 636(b)(1), as well as Local Rule 1.02.

As addressed above, defense counsel does not object to either the request to set a hearing or the request to allow for testimony by telephone/video conferencing.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court 1) set a hearing pursuant to 18 U.S.C. § 4142(d) during the status conference now set for August 8, 2022, and 2) allow for Dr. Lloyd and any other necessary witnesses from FMC Butner to testify by telephone/video conferencing.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Patrick D. Scruggs*
      Patrick D. Scruggs
      Assistant United States Attorney
      United States Attorney No. 140
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone: (813) 274-6000
      Email: patrick.scruggs@usdoj.gov

U.S. v. Muhammed Al-Azhari								Case No. 8:20-cr-206-TPB-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice electronic filing to the following:

Samuel Landes, Esq.

Adam Allen, Esq.

/s/ Patrick D. Scruggs
Patrick D. Scruggs
Assistant United States Attorney
United States Attorney No. 140
400 North Tampa Street, Ste. 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Email: patrick.scruggs@usdoj.gov