UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-206-TPB-AEP

MUHAMMED MOMTAZ ALAZHARI

**ORDER**

This matter is before the Court on Defendant Muhammed Momtaz Alazhari's "Motion for the Disclosure of Materials Under the Foreign Intelligence Surveillance Act" (Doc. 248) and "Motion for an Order Compelling Disclosures Regarding Surveillance Under Section 702 of the FISA Amendments Act of 2008" (Doc. 249), and the memoranda of law in support thereof (collectively, "Defendant's Motions"). For the reasons set forth below, it is ORDERED that Defendant's Motions are DENIED.

Background

On May 24, 2020, Defendant was arrested pursuant to a criminal complaint charging him with attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (Doc. 1.)

On June 9, 2020, the government provided notice to Defendant and the Court that, "pursuant to 50 U.S.C. §§ 1806(c) and 1825(d), the United States intends to offer into evidence, or otherwise use or disclose in any proceedings in this matter, information obtained or derived from electronic surveillance and physical search

conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 [FISA], as amended, 50 U.S.C. §§ 1801-1812 and 1821-1829." (Doc. 26.)

On June 23, 2020, a grand jury in the Middle District of Florida returned an indictment charging Defendant with attempting to provide material support to the Islamic State of Iraq and ash-Sham, in violation of 18 U.S.C. § 2339B(a)(1); possessing an unlawfully transferred firearm, in violation of 26 U.S.C. §§ 5812, 5861(b), and 5871; and possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(b), and 5871. (Doc. 33.)

On June 23, 2022, Defendant filed the instant Motions, which seek (1) disclosure of FISA application(s), order(s), and related materials (hereinafter, the "FISA materials"); and (2) an order compelling the government to state whether it surveilled Defendant under the authority of Section 702 of the FISA Amendments Act of 2008 (hereinafter, "Section 702"), and whether it intends to admit evidence obtained or derived from such surveillance. (Docs. 248 and 249.) On October 6, 2022, the government filed a consolidated response in opposition to Defendant's Motions.

Findings

FISA provides specific and detailed procedures for the government to obtain a judicial order authorizing the electronic surveillance and physical search of a foreign power, or of an agent of a foreign power. At the outset of the FISA process, an application approved by the Attorney General, containing the information and certifications required under the statute, is filed *ex parte* and under seal with the

Foreign Intelligence Surveillance Court (FISC). *See* 50 U.S.C. §§ 1804(a), 1823(a). After reviewing the application, the FISC must make specific findings before entering an *ex parte* order, *see* 50 U.S.C. §§ 1805(a), 1823(a), which specifically identifies the targeted facilities and directs how the electronic surveillance and physical search are to be conducted, *see* 50 U.S.C. §§ 1805(c)(1)–(2), 1824(c)(1)–(2).

    The Court has reviewed Defendant's Motions and the government's consolidated response thereto, including a Sealed Appendix containing the FISA materials. After an *in camera*, *ex parte* review, and based on its consideration of all the materials submitted, the Court finds that:

    (1)  The President has authorized the Attorney General to approve applications to the FISC for electronic surveillance and physical search for foreign intelligence information and purposes;

    (2)  The application(s) at issue in this matter were made by a federal officer and approved by the Attorney General (50 U.S.C. §§ 1805(a)(1), 1824(a)(1));

    (3)  Each application contained facts establishing probable cause to believe that the target of the electronic surveillance, physical search, or both, was at the time a foreign power or an agent of a foreign power (50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A));

    (4)  No United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the United States Constitution (50 U.S.C. §§ 1805(a)(2)(A), 1824(a)(2)(A));

(5) Each application made pursuant to 50 U.S.C. § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power (50 U.S.C. § 1805(a)(2)(B));

(6) Each application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from, an agent of a foreign power or a foreign power (50 U.S.C. § 1824(a)(2)(B));

(7) Each application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched contained foreign intelligence information (50 U.S.C. §§ 1823(a)(3)(B), 1824(a)(4));

(8) The minimization procedures incorporated into the application(s) and order(s) met the requirements of 50 U.S.C. §§ 1801(h) or 1821(4) (50 U.S.C. §§ 1805(a)(3), 1824(a)(3)), and the government implemented such minimization procedures in conformity with an order of authorization or approval (50 U.S.C. §§ 1806(e)(2), 1825(f)(1)(B));

(9) Each application contained all of the statements and certifications required by 50 U.S.C. §§ 1804 or 1823 (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

(10) No certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to 50 U.S.C. §§ 1804(a)(6)(E) or 1823(a)(6)(E), or any other information

4

furnished under 50 U.S.C. §§ 1804(c) or 1823(c) (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

(11) A "significant purpose" of the government's collection pursuant to FISA was to collect foreign intelligence information (50 U.S.C. §§ 1804(a)(6)(B), 1823(a)(6)(B));

(12) Each order issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(c) or 1824(c);

(13) Each order issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(d) or 1824(d);

(14) Defendant made no preliminary substantial showing of a false statement that was material to probable cause, nor of a false statement made with knowledge of its falsity or with reckless disregard for its truth, in the FISA application(s) that would entitle him to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Accordingly, a *Franks* hearing is not warranted in this matter;

(15) Disclosure to the defense of the FISA materials is not required because the Court was able to make an accurate determination of the legality of the electronic surveillance and physical search without disclosing the FISA materials or any portions thereof;

(16) Due process does not otherwise require disclosure of the FISA materials; and

(17) The government complied with its notice obligations under FISA, and any additional notice regarding any surveillance techniques used, the legal

5

authorities relied upon, or any underlying warrants, orders, or applications relating to such surveillance is not warranted.

## Discussion

Defendant seeks application(s) that were presented to the FISC, the FISC's order(s), and related materials, which provided the legal basis for the electronic surveillance and physical search from which some of the evidence that will be used against him was obtained or derived. By requesting disclosure of the FISA materials, Defendant is seeking discovery of material that FISA specifically protects from such disclosure, except as provided in 50 U.S.C. §§ 1806(f)–(g) and 1825(g)–(h) (*i.e.*, if disclosure is necessary for the Court to make a determination of the legality of the surveillance or search, or if due process requires discovery or disclosure).[1]

The Assistant Attorney General for National Security has filed a sworn declaration stating that disclosure of the FISA materials or an adversary hearing would harm the national security of the United States. Therefore, as mandated by FISA, the Court conducted an *in camera*, *ex parte* review of the FISA materials to determine whether the information was lawfully acquired and whether the electronic surveillance and physical search were made in conformity with an order of authorization or approval (*i.e.*, whether they were lawfully conducted). This *in*

---

[1] With respect to due process, the Court considered two distinct questions. First, whether the *in camera*, *ex parte* review process mandated by 50 U.S.C. §§ 1806(f) and 1825(g) comports with due process. Second, whether due process requires that the FISA materials, or any portion thereof, be disclosed to the defendant under 50 U.S.C. §§ 1806(g) or 1825(h). As discussed further below, the Court resolves both questions in favor of the government.

*camera*, *ex parte* review process under FISA satisfies due process under the United States Constitution. *See United States v. Dhirane*, 896 F.3d 295, 300 (4th Cir. 2018) ("The government notes that every federal court to have considered the constitutionality of these procedures has concluded that FISA reached a reasonable and therefore constitutional balance of competing interests. And we share that view.") (citations omitted); *see also United States v. Osmakac*, 868 F.3d 937, 955–56 (11th Cir. 2017) (summarizing FISA review process and affirming district court's denial of defendant's motion for disclosure of FISA materials).

In conducting that review, the Court may disclose the FISA materials "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or search]." 50 U.S.C. §§ 1806(f), 1825(g); *see also United States v. Daoud*, 755 F.3d 479, 485 (7th Cir. 2014) (concluding that disclosure of FISA materials was "not 'necessary' under any definition of that word" where the district court could determine the legality of electronic surveillance and physical search on its own); *United States v. Abu-Jihaad*, 630 F.3d 102, 129 (2d Cir. 2010) ("Mindful of these provisions, we have concluded that disclosure of FISA materials is the exception and *ex parte*, *in camera* determination is the rule.") (internal quotations and citations omitted). After conducting its own review of the FISA materials, the Court finds that it does not require the assistance of the defense to make an accurate determination of the legality of the electronic surveillance and physical search. Thus, there is no valid reason for disclosure of any of the FISA materials to the defense. *See Daoud*, 755 F.3d at 485.

As a result of the Court's careful *in camera*, *ex parte* review of the government's consolidated response in opposition to Defendant's Motions, and the materials in the Sealed Appendix thereto, the Court finds that the FISA materials provide all of the information needed to resolve Defendant's Motions. The Court further finds that the government satisfied FISA's requirements for obtaining orders for electronic surveillance and physical search; that the information obtained pursuant to FISA was lawfully acquired; and that the electronic surveillance and physical search were made in conformity with an order of authorization or approval.

Moreover, there is no basis for disclosure of the FISA materials, or any portion thereof, pursuant to 50 U.S.C. §§ 1806(g) and 1825(h). Such disclosure is only permitted if the Court's *in camera*, *ex parte* review reveals that "due process requires discovery or disclosure." Based on its review of the government's submission, the Court concludes that due process does not require discovery or disclosure in this case.

In addition, the Court finds that the government satisfied FISA's probable cause requirements in seeking the order(s) for electronic surveillance and physical search.[2] The Court further finds that the probable cause requirements of FISA comport with the Fourth Amendment. *See, e.g.*, *United States v. Ning Wen*, 477 F.3d

---

[2] Federal courts have differed as to whether the FISC's probable cause determinations should be reviewed by the district court *de novo* or with deference. *See United States v. Omar*, 786 F.3d 1104, 1112 (8th Cir. 2015) (citations omitted). Having concluded that the application(s) in this matter would satisfy any standard of review, the Court has no need to resolve that issue.

896, 898 (7th Cir. 2007) (holding that FISA is constitutional despite using "a definition of 'probable cause' that does not depend on whether a domestic crime has been committed"); *United States v. Cavanagh*, 807 F.2d 787, 790–91 (9th Cir. 1987) (upholding constitutionality of FISA over various Fourth Amendment objections). FISA's "significant purpose" standard is also constitutional under the Fourth Amendment. *See United States v. Duka*, 671 F.3d 329, 343–45 (3d Cir. 2011); *Abu-Jihaad*, 630 F.3d at 117–19.

Furthermore, the certifications submitted in support of a FISA application should be "subjected only to minimal scrutiny by the courts," *United States v. Badia*, 827 F.2d 1458, 1463 (11th Cir. 1987), and are to be "presumed valid," *United States v. Duggan*, 743 F.2d 59, 77 n.6 (2d Cir. 1984) (citation omitted); *see also United States v. Campa*, 529 F.3d 980, 993 (11th Cir. 2008) (similar); *United States v. Turner*, 840 F.3d 336, 342 (7th Cir. 2016) ("[O]ur role is not to second-guess the executive branch official's certification.") (citation omitted). If the target is a United States person, then the district court should also ensure that each certification is not "clearly erroneous." *Campa*, 529 F.3d at 994. Applying these standards, the Court finds that the certification(s) at issue here were made in accordance with FISA's requirements.

Although Defendant has not moved for an adversarial hearing pursuant to *Franks v. Delaware*, Defendant seeks disclosure of the FISA materials so that he may pursue a *Franks* hearing. *See* 438 U.S. 154, 155–56 (1978). Defendant would only be entitled to such a hearing upon making "a substantial preliminary showing that a false statement [was included in the FISA materials] knowingly and intentionally, or

9

with reckless disregard for the truth," and that the false statement was necessary to the FISC's approval of the application(s) in this matter. *Id.* Defendant has made no such preliminary showing and therefore is not entitled to a *Franks* hearing. The Court is aware that Defendant has not reviewed the FISA materials. However, based on its independent review of the government's submission, including the FISA materials, the Court finds no indication that any false statement was included therein.

The Court also concludes that Defendant is not entitled to receive notice of whether the government conducted surveillance of Defendant under Section 702, or whether it intends to admit evidence obtained or derived therefrom. Defendant has invoked 18 U.S.C. § 3504, 50 U.S.C. § 1881e(b), and 50 U.S.C. § 1806(c) in contending that the government must disclose information concerning its use of Section 702 surveillance (or lack thereof) in this matter. Based on its review of the government's submission, however, the Court has determined that these provisions do not require the government to disclose such information in this case.

Relatedly, the Court finds that the government complied with its notice obligations under FISA on June 9, 2020, when it notified Defendant and the Court that, "pursuant to 50 U.S.C. §§ 1806(c) and 1825(d), the United States intends to offer into evidence, or otherwise use or disclose in any proceedings in this matter, information obtained or derived from electronic surveillance and physical search conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801-1812 and 1821-1829." The Court further finds that

Defendant is not entitled to additional notice or information regarding any surveillance techniques that may have been employed in this matter.

## Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motions are DENIED; and

IT IS HEREBY FURTHER ORDERED that the government's FISA application(s), order(s), and other related materials and its classified submissions for this matter are SEALED and shall be retained in accordance with established security procedures by the Classified Information Security Officer or his/her designee.

IT IS SO ORDERED.

This _____ day of _____, 2022

_____
HON. THOMAS P. BARBER
United States District Judge

11