AF Approval _Umc_                                          Chief Approval _CLR_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:20-cr-206-TPB-AEP

MUHAMMED MOMTAZ AL-AZHARI

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Muhammed Momtaz Al-Azhari, and the attorneys for the defendant, Samuel E. Landes and Adam B. Allen, mutually agree as follows:

A.   **Particularized Terms**

    1.   <u>Count Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1).

Defendant's Initials _MMA_

AF Approval _____                                              Chief Approval _____

2.  <u>Maximum Penalties</u>

Count One is punishable by a maximum term of imprisonment of twenty (20) years, a fine of up to $250,000, a term of supervised release of any term of years or life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.  <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of the offense alleged in Count One are:

<u>First</u>:    The Defendant knowingly attempted to provide material support or resources to the designated foreign terrorist organization named in the indictment; and

<u>Second</u>:    The Defendant did so knowing that the organization was a designated terrorist organization, engaged or engages in terrorist activity, or engaged or engages in terrorism.

4.  <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant in the Indictment, Counts Two through Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials MMA

2

AF Approval _____                                                      Chief Approval _____

5.  **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.  **Incarceration Limitations**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of the case is a sentence of imprisonment of 216 months. In the event that the Court does not accept this agreement of the parties as to the term of imprisonment, then the defendant shall be permitted to withdraw his guilty plea. Likewise, if the Court does not accept this agreement of the parties as to the term of imprisonment, then the United States shall be permitted to declare the plea agreement void and continue its prosecution of the defendant.

7.  **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, or the defendant's

Defendant's Initials MMA

AF Approval _____                                                    Chief Approval _____

nominees. The assets to be forfeited specifically include, but are not limited to: (a) all assets of the defendant, foreign or domestic; (b) all assets of the defendant acquired or maintained with the intent and for the purpose of supporting, planning, conducting, or concealing any federal crime of terrorism; and (c) all assets of the defendant derived from, involved in, or used or intended to be used to commit any federal crime of terrorism; as well as the following property which was involved in the offenses, including but not limited to, approximately $1,352.73 seized from Bank of America account number XXXXXXXX6523, held the name of Muhammed Alazhari.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, judicial, or administrative forfeiture action. The defendant also acknowledges that the Federal Bureau of Investigation administratively forfeited the following property because he did not file a claim contesting the forfeiture:

    a.    $297.18 in United States currency from the person of Muhammed Momtaz Al-Azhari;
    b.    $300.00 in United States currency;
    c.    A SilencerCo Osprey silencer, serial number OSP9M-5489;
    d.    A Glock 17 pistol, serial number EZT996US, with accompanying magazines;
    e.    A black knife in army green sheath;
    f.    A Milwaukee insulation knife;

Defendant's Initials MMA

AF Approval _____                                    Chief Approval _____

      g.      A Milwaukee knife and black blade cover/sheath;

      h.      A Razor Tactical red/black pocket knife;

      i.      A DeWALT folding pocket knife;

      j.      A black tactical stun gun;

      k.      82 rounds Ramset .22 caliber (Mastershot, Triggershot, Hammershot) powder loads;

      l.      A small black crossbow (no make/no model);

      m.      A Razor Tactical folding pocket knife;

      n.      A black Under Armour backpack;

      o.      A Walther UZI .22-caliber rifle, serial number W1002377;

      p.      26 rounds of .22 ammunition;

      q.      A Butt Stock with green sling/strap;

      r.      44 rounds of Frontier Luger 9mm ammunition in Hornady; box;

      s.      A SCCY Industries CPX-1 CB Pistol, serial number 492782;

      t.      A Glock G-17 9mm pistol, no serial number;

      u.      A suppressor (no make or model);

      v.      An extended magazine;

      w.      An Apple iPhone 6s, IMEI: 356141096454113; and

      x.      An LG Premier Pro LTE, serial number GPLML413DCG8.

Furthermore, the defendant expressly consents to the administrative forfeiture of the above assets and agrees not to challenge the forfeiture.

    The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement or

Defendant's Initials MMA

5

AF Approval _____                                      Chief Approval _____

the completed administrative forfeitures on any grounds, including that the forfeiture described herein violated his Fifth Amendment rights, constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and

Defendant's Initials MMA

6

AF Approval _____                                      Chief Approval _____

after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials MMA

AF Approval _____                                         Chief Approval _____

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for

Defendant's Initials MMA

AF Approval _____                                              Chief Approval _____

collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant=s restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that, per the agreement of the parties under Fed. R. Crim. P. 11(c)(1)(C), the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment. The defendant further understands that this agreement imposes no limitation as to imposition of a term of supervised release, including any term of years or life pursuant to 18 U.S.C. § 3583(j).

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials MMA

9

AF Approval _____                                    Chief Approval _____

the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, including Fed. R. Crim. P. 11(c)(1)(C).

    5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a

Defendant's Initials MMA

AF Approval _____                                              Chief Approval _____

spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

  6. <u>Sentencing Recommendations</u>

    It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations

Defendant's Initials MMA

11

AF Approval _____                                        Chief Approval _____

and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. However, because this plea agreement is being entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the Court rejects the parties' agreement as to the sentence of imprisonment pursuant to Section A.6, then the defendant shall be permitted to withdraw from his guilty plea. Likewise, if the Court does not accept the plea agreement, then the United States shall be permitted to declare the agreement void and continue its prosecution of the defendant.

7. <u>Defendant's Waiver of Right to Appeal the Conviction and Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's conviction and sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; (c) the ground that the sentence violates the Eighth Amendment to the Constitution; or (d) the ground that the sentence differs from the sentence of imprisonment agreed to by the United States and the defendant pursuant to Fed. R. Crim. P. 11(c)(1)(C) and

Defendant's Initials MMA

12

AF Approval _____                                            Chief Approval _____

Section A.6 of this agreement; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his/her waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or

Defendant's Initials MMA

AF Approval _____                                              Chief Approval _____

coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's <u>answers</u> may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials MMA

14

AF Approval _____                                                                           Chief Approval _____

11.  <u>Factual Basis</u>

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

From at least as early as on or about March 29, 2020, and continuing until on or about May 24, 2020, the defendant, MUHAMMED MOMTAZ AL-AZHARI, attempted to provide material support and resources to a foreign terrorist organization ("FTO"), namely, the Islamic State of Iraq and al-Sham ("ISIS"). At all relevant times, ISIS was designated as an FTO under federal law. Additionally, at all relevant times AL-AZHARI knew that ISIS was a designated FTO and that ISIS has engaged in, and was then engaging in, terrorist activity and terrorism.

AL-AZHARI is a United States citizen who spent most of his life abroad and came to embrace dogmatic, Islamist/Salafist beliefs. In or around 2015, AL-AZHARI was convicted of advocating for Jaysh al-Islam, an armed Islamist group then participating in the Syrian conflict, in Saudi Arabia. AL-AZHARI spent approximately three years in Saudi Arabian custody, after which he was removed to the United States.

Defendant's Initials MMA

AF Approval _____                                    Chief Approval _____

Upon AL-AZHARI's arrival to the United States in or around December 2018, the Federal Bureau of Investigation ("FBI") began investigating him for potentially providing material support to an FTO. In or around April 2020, AL-AZHARI began to plan to carry out an attack in support of ISIS. Around the same time, AL-AZHARI began to acquire multiple firearms. AL-AZHARI also researched and scouted potential locations in the Tampa Bay area. Since at least May 2019, AL-AZHARI also consumed ISIS propaganda and spoke favorably about ISIS, to whom he eventually pledged his allegiance through a bay'ah (an Islamic oath of allegiance). Furthermore, AL-AZHARI spoke about avenging the United States' imprisonment of Muslims, including ISIS fighters, and the United States' military actions in the Middle East. In addition, AL-AZHARI rehearsed parts of the plan described above, including practicing statements that he would make during, or in connection with, the plans described above in support of ISIS.

AL-AZHARI was the subject of a variety of court-authorized surveillance and collection between late April and May 2020. AL-AZHARI also had multiple, recorded interactions with an FBI undercover employee ("UC-1") and a confidential human source ("CHS-1") during that period. AL-AZHARI tried to buy guns from UC-1, including a fully automatic rifle, but he was arrested on unrelated state charges while negotiating the purchase. AL-AZHARI

Defendant's Initials MMA

AF Approval _____ Chief Approval _____

thereafter met CHS-1, attempted to "convert" CHS-1 to Islam, and AL-AZHARI confided in CHS-1 about his (AL-AZHARI's) affiliation with ISIS and the plans described above to provide material support to ISIS, as well as to send money to ISIS. AL-AZHARI also recruited CHS-1 to help him in connection with the plans described above in support of ISIS, as well as robberies, and asked CHS-1 to obtain a Glock pistol, serial number EZT996US, and an unregistered silencer, serial number serial number OSP9M-5489. Agents arrested AL-AZHARI when he took possession of the gun and silencer on May 24, 2020.

As detailed above, between March 29, 2020, and May 24, 2020, AL-AZHARI attempted to provide material support—namely, personnel (including himself) and services—to ISIS.

Federal law enforcement has seized various assets and items of property that AL-AZHARI acquired during this period, including all of those listed in Section A.7 of this agreement. AL-AZHARI acquired and maintained these assets with the intent and for the purpose of supporting, planning, conducting, or concealing any federal crime of terrorism. Additionally, such assets were derived from, involved in, or used or intended to be used to commit a federal crime of terrorism.

Defendant's Initials MMA

AF Approval _____                                             Chief Approval _____

12.  **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.  **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 13th day of February, 2023.

ROGER B. HANDBERG
United States Attorney

_____          _____
Muhammed Momtaz Al-Azhari                        Patrick D. Scruggs
Defendant                                                         Assistant United States Attorney

_____          _____
Samuel E. Landes                                           Cherie L. Krigsman
Attorney for Defendant                                  Assistant United States Attorney
                                                                        Chief, National Security Section

_____
Adam B. Allen
Attorney for Defendant

Defendant's Initials MMA

18